■ Douglas L. Stairs et al., Appellants-Respondents, v State Street Associates, L. P., Respondent-Appellant. [615 NYS2d 478] —Crew III, J. Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered December 16, 1993 in Tompkins County, which partially granted defendant's motion for summary judgment dismissing the complaint.

Defendant is the owner of certain real property located in the City of Ithaca, Tompkins County. In October 1988, defendant contracted with McGuire & Bennett, Inc. for the construction of an apartment complex. Plaintiff Douglas A. Stairs (hereinafter Stairs) was employed by McGuire & Bennett as an operating engineer.

On June 28, 1989, Stairs was operating a forklift on the construction site; it appears that part of his duties included transporting mortar to various locations on the job site. Upon being informed that additional mortar was needed at a particular location, Stairs drove his forklift to the mixer site, which was located in an open courtyard or common area between the buildings under construction. By all accounts, this area was quite muddy. Stairs stopped his forklift, walked to the mixer and, after observing that no mortar was available, started to return to his forklift. Upon doing so, Stairs' left leg slid out from under him and, although he was able to avoid falling to the ground, he allegedly sustained serious injuries in the process.

Stairs and his spouse thereafter commenced this action against defendant alleging, *inter alia,* violations of Labor Law §§ 200 and 241 (6). Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion for summary judgment as to the cause of action brought under Labor Law § 241 (6) but denied defendant's motion with respect to the claim under Labor Law § 200. These cross appeals ensued.

Initially, we reject plaintiffs' assertion that Supreme Court erred in dismissing the Labor Law § 241 (6) cause of action. Labor Law § 241 (6) imposes upon owners and contractors a nondelegable duty to comply with the rules and regulations promulgated by the Commissioner of Labor (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502). To prevail, however, plaintiffs were required to establish a violation of an implementing regulation setting forth a specific standard of conduct (see, Samiani v New York State Elec. & Gas Corp., 199 AD2d 796, 797). This plaintiffs failed to do.

As outlined in their brief on appeal, plaintiffs rely upon 12 NYCRR 23-1.2 (setting forth certain findings of fact), 12 NYCRR 23-1.5 (reciting certain general conditions) and 12 NYCRR 23-1.7 (concerning certain specified hazards). The first two cited regulations relate to general safety standards and, as such, do not provide a basis for a claim under Labor Law § 241 (6) (see, Narrow v Crane-Hogan Structural Sys., 202 AD2d 841; see also, Gordineer v County of Orange, 205 AD2d 584). As to the third provision, we are of the view that 12 NYCRR 23-1.7 simply has no application to the facts of this case. 12 NYCRR 23-1.7 (d) prohibits employers from allowing employees to use a "floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition" and requires employers to remove sand or cover ice, snow, water, grease and other foreign substances that may cause slippery footing. Additionally, 12 NYCRR 23-1.7 (e) (2) requires that those parts of floors, platforms and other similar areas where persons work or pass be kept free from, inter alia, the accumulation of dirt and debris. The record indicates, however, that Stairs' injury occurred in a common area or open courtyard between the various buildings under construction. Based upon the sketch of the premises contained in the record and Stairs' own examination before trial testimony, it is apparent that Stairs' injury did not occur on a floor, platform, passageway or similar working surface and, as such, the cited regulations do not apply.

Turning to defendant's cross appeal, we are of the view that Supreme Court properly denied defendant's motion for summary judgment dismissing plaintiffs' cause of action under Labor Law § 200. The record reveals that there is a question of fact regarding whether the conditions complained of arose out of the nature of the land itself or a detail in the contractor's work. Accordingly, summary judgment as to this cause of action is not appropriate.

Mikoll, J. P., Mercure, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.