■ PAUL MCGRATH, Respondent, v LAKE TREE VILLAGE ASSOCIATES et al., Appellants. [629 NYS2d 358] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Lake Tree Village Associates (Lake Tree) hired A.G. Deacon Enterprises, Inc. (Deacon), to install siding on a building that was under construction. Plaintiff, an employee of Deacon, was injured while carrying a 24-foot scaffold pick on his shoulder from Deacon's truck to the building. He walked on a pile of dirt 4 to 5 feet high that was one of several piles near the east wall of the building. The complaint asserts common-law negligence and Labor Law §§ 200 and 241 (6) causes of action.

Supreme Court erred in denying defendants' motion for summary judgment. There is no evidence that Lake Tree, the owner and general contractor, exercised control or supervision in this case, and thus Lake Tree is not liable pursuant to Labor Law § 200 or for common-law negligence (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). Further, liability may not be imposed upon the theory that Lake Tree should have known of the dangerous condition on the property (see, Comes v New York State Elec. & Gas Corp., supra, at 877-878 [rejecting a contrary rule stated in Nagel v Metzger, 103 AD2d 1, 9]). In

any event, an owner or general contractor has no duty to protect workers against a condition that may be readily observed *(Gasper v Ford Motor Co.,* 13 NY2d 104, 110; *McAdam v Sadler,* 170 AD2d 960, *lv denied* 77 NY2d 810).

Plaintiff asserts that, in permitting the dirt piles to exist, Lake Tree violated Occupational Safety and Health Administration (OSHA) standards, specifically 29 CFR 1926.21 (b) (1) and (2), and multiple provisions of the Industrial Code, specifically 12 NYCRR 23-1.2, 23-1.3, 23-1.5, 23-1.7 (d) and (e) (2); 23-1.33 (d) (1); 23-4.2 (g) and subpart 23-6, and thus, that liability may be imposed pursuant to Labor Law § 241 (6). Violations of OSHA standards do not provide a basis for liability under section 241 (6) *(McSweeney v Rochester Gas & Elec. Corp.,* 216 AD2d 878 [decided herewith]; *Landry v General Motors Corp.,* 210 AD2d 898; *Pelleschi v City of Rochester,* 198 AD2d 762, *lv denied* 83 NY2d 752). Likewise, provisions of the Industrial Code that reiterate general common-law standards and that do not "mandat[e] compliance with concrete specifications" are not a basis for liability under section 241 (6) *(Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505; *see also, Adams v Glass Fab,* 212 AD2d 972; *Durfee v Eastman Kodak Co.,* 212 AD2d 971). Sections 23-1.2, 23-1.3 and 23-1.5 of the Industrial Code are general provisions and are not a basis for liability under section 241 (6) *(see, Stairs v State St. Assocs.,* 206 AD2d 817, 818). Subpart 23-6 refers to hoisting materials and equipment, which were not used. To the extent that one may infer, through 12 NYCRR 23-1.5, that such materials should have been available, 12 NYCRR 23-1.5 restates the common-law duty and is not a basis for liability *(see, Stairs v State St. Assocs., supra).* Section 23-4.2 (g), providing protection to workmen in excavation trenches, is not applicable. Lastly, 12 NYCRR 23-1.7 (d) and (e) (2) and 23-1.33 (d) do not apply to the dirt pile condition; they apply to specified work areas, such as floors, roofs or platforms *(see, Adams v Glass Fab, supra; Durfee v Eastman Kodak Co., supra; Baird v Lydall, Inc.,* 210 AD2d 577; *Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796) and to defined walkways, passageways or paths, not to common areas or an open yard in front of or between buildings *(see, Stairs v State St. Assocs., supra).* (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Labor Law.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.