■ MAUREEN MCMAHON, Also Known as MAUREEN MISHALSKI, et al., Plaintiffs-Appellants, v ROYAL H. DURST et al., Respondents. STRUCTURE TONE, INC., Third-Party Plaintiff-Respondent, v SWEENEY & HARKIN CARPENTRY AND DRYWALL CORPORATION et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) [638 NYS2d 48] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about December 7, 1994, which granted defendant and third-party plaintiff Structure Tone, Inc.'s motion to dismiss the second cause of action pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs; appellants' appeal with respect to the respondents Durst and Stefel who were granted similar relief, has been withdrawn by stipulation dated October 26, 1995.

The IAS Court properly concluded that an allegation of a violation of 12 NYCRR 23-1.33 cannot support a claim under Labor Law § 241 (6), since that regulation does not mandate compliance with specifications (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505). The regulation provides that "[r]easonable and adequate protection and safety" be provided at construction sites and that the "means, methods, procedures, devices or structures used to provide such protection and safety shall include but not be limited to railings, fences, barricades" (12 NYCRR 23-1.33 [a] [1], [3]). In context, this regulation is a general safety standard, and, contrary to plaintiffs' argument, cannot be read specifically to have required defendant Structure Tone to place "railings, fences [or] barricades" near where the sheetrock was supposedly left at the construction site. On appeal, plaintiffs apparently have abandoned their argument that violations of 12 NYCRR 23-1.9 (a) and 23-2.1 (a) (1) would support the Labor Law § 241 (6) claim, and plaintiffs' argument that 12 NYCRR 23-1.7 (e) would suffice is improperly argued for the first time on appeal. In any event, we would find those arguments unpersuasive. Finally, we note that although plaintiffs' Labor Law § 241 (6) claim is not viable, the common-law negligence cause of action survives in this action. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.