■ JOHN HILL et al., Respondents-Appellants, v CORNING INCORPORATED et al., Appellants-Respondents. [654 NYS2d 524] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover for injuries sustained by John Hill (plaintiff), an independent trucking contractor, when he slipped and fell on snow and ice as he walked from his truck toward the job trailer provided by defendant Bianchi Trison Corp. (Bianchi). Bianchi was the general contractor on the demolition project and defendant Corning Incorporated was the owner of the work site. Plaintiffs allege that defendants breached their common-law duty to provide a safe workplace, as codified in Labor Law § 200 (1) (*see, Hammond v International Paper Co.*, 161 AD2d 914).

Supreme Court erred in denying defendants' motions for summary judgment dismissing the complaint. Defendants established their entitlement to judgment as a matter of law by presenting undisputed proof that the slippery conditions at the work site were apparent to plaintiff. "[D]efendants had no duty to protect plaintiff against a condition that may be readily observed" (*Ramski v Zappia Enters.*, 229 AD2d 990; *see, Brezinski v Olympia & York Water St. Co.*, 218 AD2d 633, 635; *Mc-*

*Grath v Lake Tree Vil. Assocs.,* 216 AD2d 877, 877-878). We therefore modify the order by granting defendants' motions for summary judgment.

The court properly denied plaintiffs' cross motion to amend the bill of particulars to allege violations of Labor Law § 241 (6). To establish defendants' liability under that statute, plaintiffs had to show that defendants violated a regulation setting forth "a specific standard of conduct as opposed to a general reiteration of common-law principles" (*Adams v Glass Fab,* 212 AD2d 972, 973). 12 NYCRR 23-1.33 is a general safety standard that does not "mandat[e] compliance with concrete specifications" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505). Thus, the alleged violation of that provision is not a basis for liability under section 241 (6) (*see, McMahon v Durst,* 224 AD2d 324). Section 23-1.7 (d), although sufficiently specific (*see, Durfee v Eastman Kodak Co.,* 212 AD2d 971, 972, *lv dismissed* 85 NY2d 968), has no application to the facts of this case because the open area where plaintiff fell is not a "floor, passageway, walkway, scaffold, platform or other elevated working surface" (12 NYCRR 23-1.7 [d]; *see, Ramski v Zappia Enters., supra; Stairs v State St. Assocs.,* 206 AD2d 817, 818). (Appeals from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.