■ JAMES SCARUPA et al., Appellants, v LOCKPORT ENERGY ASSOCIATES, L.P., et al., Respondents and Third-Party Plaintiffs. JOHN W. DANFORTH COMPANY, Third-Party Defendant-Respondent. [667 NYS2d 561] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: James Scarupa (plaintiff), an employee of third-party defendant, John W. Danforth Company (Danforth), was injured when he slipped on muddy ground at a cogeneration plant owned by defendant Lockport Energy Associates, L.P. (Lockport). Plaintiffs commenced this action against Lockport and defendant Chas. T. Main of New York, Inc. (Main), alleging violations of Labor Law §§ 200 and 241 (6). Lockport established that it did not exercise control or supervision over the work leading to the injury or the general condition of the premises, and Supreme Court therefore properly granted summary judgment dismissing the Labor Law § 200 cause of action against it (*see, Miller v Wilmorite, Inc.*, 231 AD2d 843). The court erred, however, in granting that part of defendants' motion seeking to dismiss the Labor Law § 200 cause of action against Main. Although Main argues that it was not the general contractor, Kelly, an employee of Lockport, testified that it was Main's responsibility "to get it all done" and that Main hired three subcontractors, including Danforth. Thus, Main failed to establish as a matter of law that it was not a general contractor. With respect to Main's control of the premises, a Danforth employee testified that the construction manager of Main determined when to place gravel on muddy areas. Thus, there is a question of fact whether Main supervised the general condition of the premises (*see, Miller v Wilmorite, Inc., supra*).

The court properly granted that part of defendants' motion for summary judgment dismissing the Labor Law § 241 (6) cause of action. Although the regulation relied on by plaintiff (12 NYCRR 23-1.7 [d]) meets the specificity requirements of *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494; *see, Durfee v Eastman Kodak Co.*, 212 AD2d 971, 972, *lv dismissed* 85 NY2d 968), the regulation does not apply to the facts of this case. First, contrary to plaintiffs' characterization of the area where plaintiff fell as a "passageway", the area was a common

area or open yard in front of or between buildings (*see, McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877, 878). Additionally, plaintiff did not slip on a foreign substance, but slipped on muddy ground that was exposed to the elements (*cf., Cottone v Dormitory Auth.*, 225 AD2d 1032).

We modify the order, therefore, by denying that part of defendants' motion for summary judgment seeking dismissal of the Labor Law § 200 cause of action against Main. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.