■ CHARLES E. BAUER et al., Respondents, v NIAGARA MOHAWK POWER CORP., Appellant. [672 NYS2d 567] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Charles E. Bauer (plaintiff) suffered injuries when he slipped and fell while pulling a power line that weighed over 200 pounds across a snow-

covered area at defendant's power plant. According to plaintiff, the "pathway" where he fell was covered with four or five inches of snow, contained cinders and weeds, and was not marked as a path. Defendant's supervisor of buildings and grounds stated in an affidavit that the place where plaintiff fell is located between the conveyor and a roadway, is not mowed in the summer nor shoveled in the winter, and is not ordinarily used by pedestrians. Plaintiff and his wife commenced this action, asserting causes of action for common-law negligence and violations of Labor Law §§ 200 and 241 (6). Supreme Court denied defendant's motion for summary judgment dismissing the complaint. That was error.

With respect to the common-law negligence and Labor Law § 200 causes of action, defendant established that it did not exercise supervision or control over the work of plaintiff or his employer, and plaintiffs failed to raise an issue of fact (*see, Rothschild v Faber Homes*, 247 AD2d 889). Further, plaintiff's injury was sustained as the result of the methods by which plaintiff's employer was carrying out the work. "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877).

With respect to the Labor Law § 241 (6) cause of action, plaintiffs alleged that defendant violated 12 NYCRR 23-1.7 (d) and (e). Subdivisions (d) and (e) "apply to specified work areas, such as floors, roofs or platforms * * * and to defined walkways, passageways or paths, not to common areas or an open yard in front of or between buildings" (*McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877, 878; *see, Adams v Glass Fab*, 212 AD2d 972, 973; *Stairs v State St. Assocs.*, 206 AD2d 817, 818). Contrary to plaintiffs' characterization of the area where plaintiff fell as a "pathway," the area is a common area off the roadway that extends around the perimeter of the plant and is not a defined walkway or passageway. Thus, 12 NYCRR 23-1.7 (d) and (e) do not support the Labor Law § 241 (6) cause of action (*see, Scarupa v Lockport Energy Assocs.*, 245 AD2d 1038; *Shandraw v Tops Mkts.*, 244 AD2d 997; *Garland v Zelasko Constr.*, 241 AD2d 953; *Hill v Corning Inc.*, 237 AD2d 881, *lv dismissed in part and denied in part* 90 NY2d 884; *McGrath v Lake Tree Vil. Assocs., supra*, at 878; *Adams v Glass Fab, supra*, at 973). (Appeal from Order of Supreme Court, Erie County, LaMendola, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Callahan, Balio and Boehm, JJ.