■ CHRISTOPHER JENNINGS, Appellant, v LEFCON PARTNERSHIP et al., Respondents. E.W. HOWELL, INC., Third-Party Plaintiff-Respondent, v NORTHBERRY STRUCTURES, INC., Third-Party Defendant-Respondent. [673 NYS2d 85] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), entered May 2, 1996, which, upon a jury verdict, dismissed the complaint as against defendant E.W. Howell, Inc., and judgment, same court and Justice, entered May 30, 1996, which, at the completion of plaintiff's proof, dismissed the complaint as against defendant Lefcon Partnership, unanimously affirmed, without costs.

Plaintiff was injured at a construction site when, in the course of performing his job as a concrete laborer, a large bucket of cement propelled him backwards, causing him to fall over some construction debris. He then commenced this personal injury action, alleging common-law negligence and violation of Labor Law §§ 200 and 241 (6). The matter was eventually tried before a jury, and, at the close of plaintiff's evidence, the court dismissed the common-law negligence and Labor Law § 200 claims against the owner of the property on the ground that there was no evidence establishing that the owner had supervision or control of the construction site. The court further dismissed plaintiff's claim under Labor Law § 241 (6) against all of the defendants, concluding that that claim was predicated upon Industrial Code provisions (12 NYCRR 23-1.7 [d], [e]) inapplicable to the situation at bar. The jury ultimately rendered a unanimous verdict in favor of the remaining defendant, the general contractor, upon plaintiff's negligence and Labor Law § 200 claims.

The duty of property owners and general contractors pursuant to the common law and Labor Law § 200—the latter merely constituting a codification of the relevant common-law rule—to provide construction workers with a safe workplace is contingent upon the owner's or contractor's authority to control or supervise the workplace (*see*, *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505-506), and, accordingly, since plaintiff did not make a prima facie showing that the owner, Lefcon, controlled or supervised the work site at which plaintiff was injured, the trial court properly dismissed plaintiff's Labor Law § 200 and negligence claims as against Lefcon.

Respecting plaintiff's Labor Law § 241 (6) claim, although the regulations relied upon by plaintiff as the predicate for that claim (*see generally, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d, *supra*, at 501-505), Industrial Code (12 NYCRR) § 23-1.7 (d) and (e), have been held sufficiently specific to support a cause action under the subject section of the Labor Law (*see, e.g., Farina v Plaza Constr. Co.*, 238 AD2d 158; *Cafarella v Harrison Radiator Div.*, 237 AD2d 936), these regulations were properly determined by the trial court to be inapplicable to the facts of plaintiff's case. Plaintiff was injured in an open area between two high-rises under construction, not in the sort of passageway, walkway and/or working area contemplated by 12 NYCRR 23-1.7 (d) and (e) (*see, Lenard v 1251 Ams. Assocs.*, 241 AD2d 391; *Stairs v State St. Assocs.*, 206 AD2d 817).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Mazzarelli, JJ.