■ CARMINE MUSCARELLA, Appellant, v HERBERT CONSTRUCTION COMPANY, INC., Respondent. (And a Third-Party Action.) [697 NYS2d 35] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered July 29, 1998, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing plaintiff's cause of action under Labor Law § 241 (6), unanimously affirmed, without costs.

Industrial Code (12 NYCRR) § 23-1.7 (e) (1) and (2) were correctly held to be inapplicable to plaintiff's claim, which alleges an injury sustained while walking from the job site to a construction trailer as a result of tripping over the ledge of a metal grate that surrounded a tree two feet away from the temporary steps of the trailer. This open area did not constitute the sort of passageway, floor, platform, or similar working surface contemplated by the cited regulations (see, Jennings v Lefcon Partnership, 250 AD2d 388, 389, lv denied 92 NY2d 819; see also, Lenard v 1251 Ams. Assocs., 241 AD2d 391, 392). Concur—Ellerin, P. J., Nardelli, Lerner, Andrias and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCIAL VENTURA, Also Known as MARCIANO OGANDO, Appellant. [697 NYS2d 595] —Judgment, Supreme Court, New York County (Renee White, J.), rendered April 20, 1992, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The court properly exercised its discretion in admitting evidence of uncharged crimes since defendant clearly opened the door to such testimony. In any event, testimony that defendant sought to dispose of an unidentified, possibly contraband substance was intertwined with evidence that defendant discarded the loaded firearm in question, and the uncharged crimes evidence served as background material to complete the narrative (see, People v Till, 87 NY2d 835). Likewise, the court properly exercised its discretion in permitting the People to elicit limited testimony about the officers' backgrounds, as well as in limiting the scope of the evidence elicited by defendant in support of his claim of police misconduct. We have considered and rejected defendant's remaining claims. Concur—Ellerin, P. J., Nardelli, Lerner, Andrias and Friedman, JJ.