■ ANTHONY PASSANANTI et al., Appellants, v CITY OF NEW YORK et al., Defendants, and ABBOTT-SOMER, INC., Respondent. (And Other Actions.) [701 NYS2d 652] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated July 24, 1998, as granted that branch of the motion of the defendant Abbott-Somer, Inc. which was for summary judgment dismissing the plaintiffs' causes of action to recover damages pursuant to Labor Law §§ 200, 240 (1) and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

An implicit precondition to the duty to provide construction site workers with a safe place to work is that the party charged with such responsibility has the authority to control the activ-

ity bringing about the injury (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Russin v Picciano & Son,* 54 NY2d 311, 317). Here, the defendant Abbott-Somer, Inc. (hereinafter Abbott-Somer) did not exercise any supervisory control over the work of the injured plaintiff, Anthony Passananti. Thus, the Supreme Court properly determined that Abbott-Somer was entitled to dismissal of so much of the complaint as alleged a violation of Labor Law § 200 against it.

Since Abbott-Somer is neither an owner nor a general contractor, liability cannot attach under Labor Law §§ 240 and 241 unless it is shown that it was the statutory agent of the owner or general contractor (*see, Russin v Picciano & Son, supra,* at 318). Abbott-Somer exercised no supervisory control over the injured plaintiff's activities and therefore cannot be deemed to have been an agent of either the owner or general contractor. Since Abbott-Somer cannot be charged with the statutory duties imposed by Labor Law §§ 240 and 241, the causes of action alleging violations thereof were properly dismissed insofar as asserted against it. Santucci, J. P., Joy, Goldstein and Feuerstein, JJ., concur.