■ ANTONIO CONSTANTINO et al., Appellants, v KREISLER BORG FLORMAN GENERAL CONSTRUCTION COMPANY, INC., Respondent. (And a Third-Party Action.) [707 NYS2d 487] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Hall, J.), entered June 15, 1999, as, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff Antonio Constantino allegedly was injured when he slipped and fell on snow and ice at a construction site managed by the defendant, Kreisler Borg Florman General

Construction Company, Inc. At the time of the accident the injured plaintiff was walking in the open area of the site along a path formed by the flow of men walking back and forth between the area where their cars were parked and the building under construction. The trial court declined to charge the jury with respect to Labor Law § 241 (6), and the jury thereafter rendered a verdict in favor of the defendant and against the plaintiffs with respect to the Labor Law § 200 cause of action.

The plaintiffs' sole contention is that the trial court should have charged the jury with respect to Labor Law § 241 (6) because the defendant violated 12 NYCRR 23-1.7 (d), which provides that "a floor, passageway * * * scaffold[ing], platform or other elevated working surface" shall be kept clear of "[i]ce, snow, water, grease" or other slippery conditions (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343). We disagree, as it is clear that the injured plaintiff did not fall on a "passageway" within the meaning of 12 NYCRR 23-1.7(d) (*see, Maynard v DeCurtis,* 252 AD2d 908; *Bauer v Niagara Mohawk Power Corp.,* 249 AD2d 948; *Gavigan v Bunkoff Gen. Contrs.,* 247 AD2d 750; *Hill v Corning Inc.,* 237 AD2d 881). Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur.