■ WAYNE E. LAWYER, Appellant, v CHARLES HOFFMAN, Defendant and Third-Party Plaintiff-Respondent. FLORIDA GULF CONSTRUCTION COMPANY, Third-Party Defendant-Respondent. [711 NYS2d 618] —Lahtinen, J. Appeal from an order of the Supreme Court (Keniry, J.), entered May 20, 1999 in Saratoga County, which, *inter alia*, granted third-party defendant's motion for summary judgment dismissing the complaint.

Plaintiff was a construction laborer employed by third-party defendant engaged in installing a sewer line on property owned by defendant. Plaintiff was allegedly injured after he had retrieved a heavy manhole cover chain from a utility truck several hundred feet away from the work site and was carrying it along a temporary gravel roadbed when he slipped and fell on several inches of packed snow and ice. Plaintiff thereafter commenced this action against defendant alleging a violation of Labor Law § 241 (6) premised upon the failure to comply with 12 NYCRR 23-1.5,* 23-1.7 (d) and 23-1.33 (d). Defendant, in turn, commenced a third-party action seeking common-law indemnification from plaintiff's employer. Thereafter, third-

---

* Plaintiff did not pursue his Labor Law § 241 (6) claim based upon an alleged violation of NYCRR 23-1.5 on this appeal. Such a claim, in any event, may not be maintained (*see, Creamer v Amsterdam High School*, 241 AD2d 589, 591).

party defendant moved for summary judgment dismissing the complaint arguing that the regulations alleged to have been violated were insufficient to support a claim under Labor Law § 241 (6). Defendant cross-moved for similar relief or, alternatively, common-law indemnification. Supreme Court, *inter alia*, granted third-party defendant's motion and dismissed plaintiff's complaint. Plaintiff appeals.

We affirm. In order to sustain a cause of action pursuant to Labor Law § 241 (6), plaintiff was required to demonstrate the violation of a regulation setting forth a specific standard of conduct applicable to the working conditions which existed at the time of the injury (*see, D'Egidio v Frontier Ins. Co.*, 270 AD2d 763). This plaintiff failed to do. As for plaintiff's reliance upon 12 NYCRR 23-1.33 (d), there is doubt as to whether that section qualifies as a specific safety standard upon which a Labor Law § 241 (6) claim may be based (*see, Hill v Corning, Inc.*, 237 AD2d 881, *appeal dismissed, lv denied* 90 NY2d 884; *McMahon v Durst*, 224 AD2d 324; *cf., Ozzimo v H.E.S., Inc.*, 249 AD2d 912; *McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877). Nevertheless, we agree with Supreme Court that 12 NYCRR 23-1.33 applies to persons passing by construction operations and not to workers, such as plaintiff, on a construction site.

Likewise, although 12 NYCRR 23-1.7 (d), which sets forth concrete specifications governing slipping hazards, is sufficiently specific to sustain a Labor Law § 241 (6) claim, that regulation is inapplicable to the facts of this case because the temporary roadbed upon which plaintiff fell does not constitute a passageway, walkway or other elevated working surface contemplated by the regulation (*see, Jennings v Lefcon Partnership*, 250 AD2d 388, *lv denied* 92 NY2d 819; *Francis v Aluminum Co.*, 240 AD2d 985, 987).

Accordingly, we find that Supreme Court properly granted third-party defendant's motion for summary judgment dismissing plaintiff's complaint.

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with one bill of costs.