■ VICTOR MORRA, Respondent, v MERGANTINE WHITE, Appellant. (And a Third-Party Action.) [714 NYS2d 442] —In an action to recover damages for personal injuries, the defendant appeals from stated portions of an order of the Supreme Court, Westchester County (Rosato, J.), entered October 13, 1998.

■ VICTOR MORRA, Appellant, v MERGANTINE WHITE, Respondent. (And a Third-Party Action.) [714 NYS2d 510] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered June 3, 1999, as, upon granting the defendant's motion to reargue that branch of a prior motion which was for summary judgment dismissing his cause of action to recover damages pursuant to Labor Law § 241 (6), vacated so much of a prior order of the same court dated October 8, 1998, as denied that branch of the motion and granted that branch of the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Victor Morra, was allegedly injured when he

slipped and fell on snow and ice at a construction site managed by the defendant, Mergantine White (hereinafter Mergantine). At the time of the accident the plaintiff was walking across an open lot to perform his duties taking water readings. As the plaintiff was not engaged in the construction project, he is not within the class of persons entitled to protection under Labor Law § 241 (6) (*see, Jock v Fien,* 80 NY2d 965; *Shields v St. Marks Hous. Assocs.,* 230 AD2d 903; *Koch v E.C.H. Holding Corp.,* 248 AD2d 510, 512).

Moreover, the Industrial Code regulations relied upon by the plaintiff, specifically, 12 NYCRR 23-1.33 (d) (1); 23-1.7 (d) and (e), are inapplicable to this case where the plaintiff slipped in an open area of the construction site, and not within a defined walkway or passageway (*see, Constantino v Kreisler Borg Florman Gen. Constr. Co.,* 272 AD2d 361; *Motyka v Ogden Martin Sys.,* 272 AD2d 980; *Bauer v Niagara Mohawk Power Corp.,* 249 AD2d 948). Bracken, J. P., Thompson, S. Miller and Florio, JJ., concur.