■ CHRISTOPHER OWEN, Appellant, v COMMERCIAL SITES, INC., Respondent, et al., Defendant. BAYSIDE KARATE, INC., Third-Party Defendant. (And Related Third-Party Actions.) [725 NYS2d 574] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated June 5, 2000, as granted that branch of the cross motion of the defendant Commercial Sites, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the respondent Commercial Sites, Inc.

The plaintiff was injured during the course of a renovation project at a building owned by the defendant Commercial Sites, Inc. (hereinafter Commercial). There is no evidence that Commercial exercised supervision or control over the work performed, or that it had actual or constructive notice of any dangerous condition (*see, Pisciotta v St. John's Hosp.,* 268 AD2d 465; *Cappello v Cardinal Dev. Corp.,* 213 AD2d 365). Accordingly, the Supreme Court correctly granted that branch of Commercial's cross motion which was to dismiss the common-law negligence claim and, to the extent that it was pleaded, any cause of action under Labor Law § 200, insofar as asserted against it.

The Supreme Court also correctly concluded that the plaintiff's failure to identify a violation of any specific provision of the State Industrial Code precludes liability under Labor Law § 241 (6) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Bailey v Irish Dev. Corp.,* 274 AD2d 917; *Ciraolo v Melville Ct. Assocs.,* 221 AD2d 582).

Accordingly, the complaint was properly dismissed insofar as asserted against Commercial. Santucci, J. P., Altman, Florio and Adams, JJ., concur.