■ JOHN MANCINI et al., Appellants, v PEDRA CONSTRUCTION et al., Respondents. (And Other Titles.) [740 NYS2d 387] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Hall, J.), entered February 20, 2001, as granted the respective cross motions of the defendants Pedra Construction and Pedra's Excavating, Ltd., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On September 16, 1997, at approximately 2:00 P.M., the plaintiff John Mancini fell and sustained injuries at a construction site, of which the defendant Pedra Construction was owner and general contractor. The plaintiffs commenced this action against the defendants Pedra Construction, Pedra's Excavating, Ltd. (hereinafter Pedra Excavating), a demolition/excavation subcontractor, and another subcontractor, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). The plaintiffs contend that the Supreme Court erred in granting summary judgment to Pedra Construction and Pedra Excavating. We disagree.

Since Pedra Excavating, a subcontractor, did not control or supervise the injured plaintiff and did not have the authority to do so, the Labor Law claims were properly dismissed insofar as asserted against it (*see O'Connell v Consolidated Edison Co. of N.Y.,* 276 AD2d 608; *Passananti v City of New York,* 268 AD2d 512; *Sabato v New York Life Ins. Co.,* 259 AD2d 535; *D'Amico v New York Racing Assn.,* 203 AD2d 509). Pedra

Construction was entitled to dismissal of the Labor Law § 200 claim because there was no evidence that it controlled or supervised the injured plaintiff's work (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Giambalvo v Chemical Bank,* 260 AD2d 432; *Rosemin v Oved,* 254 AD2d 343). Moreover, since the injured plaintiff's fall across and halfway down a trench that was five to six feet deep was not due to an elevation-related risk, the Labor Law § 240 (1) claim was properly dismissed (*see Magnuson v Syosset Community Hosp.,* 283 AD2d 404; *Somerville v Usdan,* 255 AD2d 500; *Bradshaw v Natl. Structures,* 249 AD2d 921; *Ozzimo v H.E.S., Inc.,* 249 AD2d 912; *Radka v Miller Brewing,* 182 AD2d 1111).

The plaintiffs' contentions regarding the Labor Law § 241 (6) claim, which were raised for the first time on appeal, are improperly before this Court (*see Charles v City of New York,* 227 AD2d 429; *Rojas v County of Nassau,* 210 AD2d 390). In any event, the Supreme Court correctly determined that the Industrial Code provisions the plaintiffs alleged were violated did not furnish a basis for liability under Labor Law § 241 (6). 12 NYCRR 23-1.5 merely establishes a general safety standard that is insufficient to give rise to the nondelegable duty imposed by Labor Law § 241 (6) (*see, Ferreira v Unico Serv. Corp.,* 262 AD2d 524; *Vernieri v Empire Realty Co.,* 219 AD2d 593). In light of the uncontroverted evidence that Pedra Construction never received written notice of an Industrial Code violation, 12 NYCRR 23-1.32 is inapplicable. 12 NYCRR 23-1.33 does not apply to workers on a construction site (*see Lawyer v Hoffman,* 275 AD2d 541). Accordingly, the Labor Law § 241 (6) claim was also properly dismissed (*see Morra v White,* 276 AD2d 536; *Randazzo v Consolidated Edison Co. of N.Y.,* 271 AD2d 667).

The plaintiffs' remaining contentions are without merit. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.