■ ANTHONY M. ROBERTS, Respondent-Appellant, v WORTH CONSTRUCTION, INC., Defendant and Third-Party Plaintiff-Respondent. I.T.R.I. MASONRY CORP. et al., Third-Party Defendants-Appellants-Respondents; TRANSCONTINENTAL INSURANCE COMPANY, Third-Party Plaintiff-Respondent, et al., Third-Party Defendants. [802 NYS2d 177]—

In an action to recover damages for personal injuries, the third-party defendants appeal from so much of an order of the Supreme Court, Dutchess County (Tolbert, J.), dated May 27, 2003, as denied their motion for summary judgment dismissing the third-party complaint, the second third-party defendant New Rochelle Contracting Corp. appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the causes of action based on a violation of Labor Law § 200 and common-law negligence and for summary judgment dismissing the second third-party complaint insofar as asserted against it, the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the cross motion of the defendant Worth Construction, Inc., which was for summary judgment dismissing the cause of action based on a violation of Labor Law § 241 (6), and the third-party defendant I.T.R.I. Masonry Corp. appeals from so much of an order of the same court dated October 22, 2003, as, upon reargument and upon granting that branch of the prior motion of the third-party defendants which was for summary judgment dismissing the third-party complaint insofar as asserted against RDF Construction Corp., adhered to so much of the prior determination as denied that branch of the prior motion which was to dismiss the third-party causes of action for contractual indemnity and for breach of contract for failure to procure insurance coverage insofar as asserted against it.

Ordered that the appeal by the third-party defendants from so much of the order dated May 27, 2003, as denied their motion for summary judgment dismissing the third-party complaint is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated October 22, 2003, made upon reargument, and on the further ground that the appeal from so much of the order dated May 27, 2003, as denied that branch of the motion which was for summary judgment dismissing the third-party complaint insofar as asserted against RDF Construction Corp. has been rendered academic; and it is further,

Ordered that the order dated May 27, 2003, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated October 22, 2003, is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to so much of the order dated May 27, 2003, as denied that branch of the motion of the third-party defendants which was to dismiss the third-party cause of action for breach of contract for failure to procure insurance coverage

insofar as asserted against I.T.R.I. Masonry Corp. and substituting therefor a provision granting that branch of the motion; as so modified, the order dated October 22, 2003, is affirmed insofar as appealed from, without costs or disbursements, the third-party cause of action for breach of contract for failure to procure insurance coverage insofar as asserted against I.T.R.I. Masonry Corp. is dismissed, and the order dated May 27, 2003, is modified accordingly.

On December 29, 1997, the plaintiff, Anthony M. Roberts, allegedly was injured when he slipped and fell on snow and ice while employed as a construction worker at the Bedford Hills Correctional Facility. The defendant, Worth Construction, Inc. (hereinafter Worth), was the general contractor. The third-party defendant I.T.R.I. Masonry Corp. (hereinafter ITRI), a subcontractor to Worth, was the plaintiff's employer. The third-party defendant RDF Construction Corp. (hereinafter RDF Construction) acted as subcontractor to ITRI. The second third-party defendant New Rochelle Contracting Corp. (hereinafter New Rochelle) entered into a contract with Worth, inter alia, for the construction and maintenance of the temporary roadway where the accident allegedly occurred.

The plaintiff commenced an action against Worth to recover damages for personal injuries. Worth commenced the first third-party action against ITRI and RDF Construction and the second third-party action against, among others, New Rochelle, seeking contractual and common-law indemnification and alleging negligence and breach of contract. ITRI and RDF Construction moved for summary judgment dismissing the first third-party complaint. New Rochelle moved, inter alia, for summary judgment dismissing the complaint and dismissing Worth's second third-party complaint insofar as asserted against it. Worth moved for summary judgment dismissing the complaint.

The Supreme Court properly declined to dismiss the cause of action alleging a violation of Labor Law § 200. In response to the movants' prima facie showing, the plaintiff raised triable issues of fact regarding Worth's supervision, direction, and control over the safety of the job site (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-878 [1993]; *Beyea v Malcolm Pirnie, Inc.*, 298 AD2d 940 [2002]). Moreover, the plaintiff raised a triable issue of fact as to whether Worth had constructive notice of the icy condition on the roadway where the accident occurred (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

The Supreme Court properly dismissed the cause of action al-

leging a violation of Labor Law § 241 (6). To sustain a cause of action based upon a violation of Labor Law § 241 (6), a plaintiff must demonstrate the violation of an Industrial Code regulation setting forth a specific standard of conduct applicable to working conditions which existed at the time of the accident (*see Rizzuto v Wenger Contr. Co., supra* at 349). Here, the plaintiff relied on Industrial Code 23-1.7 (d) (12 NYCRR 23-1.7 [d]) as a predicate to his cause of action alleging a violation of Labor Law § 241 (6). Industrial Code 23-1.7 (d) provides that: "Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."

We agree with the Supreme Court that the temporary roadway where the accident occurred did not fall within the ambit of Industrial Code 23-1.7 (d) (12 NYCRR 23-1.7 [d]). The dirt roadway was located in an open area at ground level and, therefore, did not constitute a passageway, walkway, "or other elevated working surface" (*id.*) contemplated by the regulation (*see Morra v White*, 276 AD2d 536 [2000]; *Lawyer v Hoffman*, 275 AD2d 541, 542 [2000]; *Constantino v Kreisler Borg Florman Gen. Constr. Co.*, 272 AD2d 361, 362 [2000]; *Maynard v DeCurtis*, 252 AD2d 908, 909 [1998]).

The Supreme Court properly declined to dismiss the causes of action in the second third-party complaint based upon negligence and breach of contract insofar as asserted against New Rochelle. New Rochelle failed to make a prima facie showing that it was not responsible for maintaining the roadway and removing snow and ice, or that it fully complied with its insurance obligations pursuant to the terms of its agreement with Worth. Hence, New Rochelle failed to establish its entitlement to judgment as a matter of law (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court erred, however, in denying that branch of ITRI's motion which was to dismiss the third-party cause of action alleging breach of contract predicated on ITRI's alleged failure to procure insurance coverage. Pursuant to a stipulation and order executed by Worth, ITRI, and the plaintiff, and entered by the United States Bankruptcy Court for the Eastern District of New York on October 11, 2002, Worth expressly agreed to give up all "claim[s] or cause[s] of action of any kind, description or nature" against ITRI, except that Worth was permitted to prosecute its third-party action against ITRI with

respect to those claims for which insurance coverage was available, with the understanding that any recovery with respect to such claims would be directed "against the insurance company or companies, the insurance policy or policies, if any, the limits of liability as contained therein, and coverage thereunder, if any." Under those circumstances, Worth's breach of contract claim against ITRI, to the extent predicated on ITRI's alleged failure to procure insurance coverage, is necessarily barred by the stipulation and order.

The parties' remaining contentions are without merit. Florio, J.P., Krausman, Lifson and Fisher, JJ., concur.