■ Douglas P. Smith, Appellant, v Hines GS Properties, Inc., et al., Respondents and Third-Party Plaintiffs. Koehler Masonry Corp. et al., Third-Party Defendants-Respondents. [815 NYS2d 82]—

Order, Supreme Court, New York County (Louis B. York, J.), entered April 18, 2005, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing so much of the complaint as based on Labor Law § 241 (6), unanimously reversed, on the law, without costs, that portion of the motion denied, and the claim under section 241 (6) reinstated.

The open area between the building under construction and the materials storage trailers was not a "passageway" or walkway covered by Industrial Code (12 NYCRR) § 23-1.7 (e) (1) (*see Dalanna v City of New York*, 308 AD2d 400 [2003]). Nevertheless, the tradesmen at the site routinely traversed this physically defined area as their only access to equipment and materials, making it arguably an integral part of the work site. A question of fact is thus presented as to whether the spot where plaintiff's fall occurred was a "working area" within the meaning of 12 NYCRR 23-1.7 (e) (2) (*see Maza v University Ave. Dev.*

*Corp.*, 13 AD3d 65 [2004]; *but see Muscarella v Herbert Constr. Co.*, 265 AD2d 264 [1999]).

We decline to consider the arguments for affirmative relief raised herein by the nonappealing defendants and third-party plaintiffs. Concur—Tom, J.P., Saxe, Nardelli, Gonzalez and Catterson, JJ.