10-2436-cv
*Homola v. Praxair, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand eleven.

PRESENT:    WILFRED FEINBERG,
            DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

FRANK HOMOLA,
            *Plaintiff-Appellant*,

-v.-                                No. 10-2436-cv

PRAXAIR, INC.,
            *Defendant-Appellee.*

---

MARC CHARLES PANEPINTO, Cantor, Lukasik, Dolce & Panepinto, P.C., Buffalo, NY (Stephen Halpern, *on the brief*), *for Plaintiff-Appellant.*

ALICIA C. ROOD, Schröder, Joseph & Associates, LLP, Buffalo, NY (Linda Heary Joseph, *on the brief*), *for Defendant-Appellee.*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Frank Homola ("Homola") appeals from a Decision and Order of the United States District Court for the Western District of New York (Curtin, *J.*), filed May 27, 2010, granting the motion for summary judgment of Defendant-Appellee Praxair, Inc. ("Praxair") and dismissing Homola's complaint. Homola brought suit against Praxair in New York state court in connection with an injury he allegedly received while working on the defendant's property, claiming that Praxair had violated New York Labor Law §§ 200 and 241(6) and several sections of New York State Industrial Code. Praxair subsequently removed the suit to the United States District Court for the Western District of New York on the basis of diversity jurisdiction. On appeal, Homola challenges only the dismissal of his claims under N.Y. LAB. LAW § 241(6), a provision which itself requires him to identify a violation of a specific provision of the State Industrial Code. *See Owen v. Commercial Sites, Inc.*, 725 N.Y.S.2d 574, 575 (2d Dep't 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a grant of summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009) (quoting *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005)). A grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gen. Star*, 585 F.3d

at 669 (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008)).

Homola first challenges the district court's conclusion that he raised no genuine issue of fact as to whether the area in which he was allegedly injured was a "passageway" or a "walkway" and therefore covered by two provisions of New York's Industrial Code, as codified in the New York Code, Rules, and Regulations ("N.Y.C.R.R."). *See* 12 N.Y.C.R.R. § 23-1.7(d) ("Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition."); *id.* § 23-1.7(e)(1) ("Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping."). Homola does not dispute that New York courts have consistently found that these regulations do not apply to "a common area or open yard in front of or between buildings." *Scarupa v. Lockport Energy Associates, L.P.*, 667 N.Y.S.2d 561, 563 (4th Dep't 1997); *see also Roberts v. Worth Const., Inc.*, 802 N.Y.S.2d 177, 180 (2d Dep't 2005) (holding that an open area at ground level is not a passageway); *O'Gara v. Humphreys & Harding, Inc.*, 723 N.Y.S.2d 25, 26 (1st Dep't 2001) (concluding that "muddy ground in an open area exposed to the elements" is not a passageway or similar work area); *Gavigan v. Bunkoff Gen. Contractors Inc.*, 669 N.Y.S.2d 69, 69 (3d Dep't 1998) (holding that "an out-of-doors worn dirt pathway" is not a passageway). He argues, however, that the eight-to-ten-foot-wide area in which he was allegedly injured, bounded on one side by a safety fence surrounding the "M Dig" excavation site and on the other side by a building, nevertheless qualifies as a passageway or a walkway.

Homola first attempts to raise several distinctions between his case and that of *Smith v. Hines GS Props., Inc.*, 815 N.Y.S.2d 82 (1st Dep't 2006), on which the district court relied. However, none of his proposed distinctions are relevant to the principal proposition for which the district court cited *Smith*: that the fact that Homola and other workers had to pass through the area between the safety fence and a building did not by itself render the area into a "passageway" or "walkway." *See Smith*, 815 N.Y.S.2d at 83 (ruling that such an area was not a passageway despite the fact that "tradesmen at the site routinely traversed this physically defined area as their only access to equipment and materials"); *see also Constantino v. Kreisler Borg Florman Gen. Const. Co., Inc.*, 707 N.Y.S.2d 487, 487 (2d Dep't 2000) (holding that "a path formed by the flow of men walking back and forth between the area where their cars were parked and the building under construction" was not a "passageway"). Nor can we say that the fact Homola used this area not as a route from one place to another but rather as his work site itself renders it any more of a passageway than the area at issue in *Smith*.

Homola argues that New York courts considering whether areas are walkways or passageways have focused on whether the areas are open to a range of people and on whether they are defined by physical borders or boundaries. Here, however, the district court correctly concluded that the undisputed facts in this case reflect that the area outside the excavation site was generally an open yard, with no specifically demarcated walkways and with compacted gravel extending out from the excavation on both sides of the safety fence. While Homola asks us to distinguish his case on the basis of the eight-to-ten-foot width of the particular section of this open area between a fence and a building in which he was working or its perceived narrowness, he provides no authority either

4

expressly making a distinction on this basis or even simply concluding that an area similar to the one at issue in this case was a passageway for the purposes of this Code provision. Instead, the consistent holding of the New York courts has been that an open yard between buildings is not a passageway or walkway. *See Jennings v. Lefcon P'ship*, 673 N.Y.S.2d 85, 85 (1st Dep't 1998) (holding that an open area between two high-rise buildings was not a passageway); *Scarupa*, 667 N.Y.S.2d at 563 (concluding that an open yard in front of or between buildings is not a passageway); *McGrath v. Lake Tree Vill. Assocs.*, 629 N.Y.S.2d 358, 359 (4th Dep't 1995) (same); *Stairs v. Street Assocs. L.P.*, 615 N.Y.S.2d 478, 479-80 (3d Dep't 1994) (same). As a result, given the undisputed facts in this case, we affirm the district court's grant of summary judgment with respect to these two claims.

Homola also challenges the district court's grant of summary judgment to Praxair on his claim under a separate provision of the Industrial Code mandating that "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed." 12 N.Y.C.R.R. § 23-1.7(e)(2). As both parties acknowledge, this regulation has been held not to apply where the object that allegedly caused a plaintiff's fall was "an integral part of the work he was performing." *Sharrow v. Dick Corp.*, 649 N.Y.S.2d 281, 283 (4th Dep't 1996). Homola asserts that the district court erred in concluding that he had failed to raise a material question of fact as to both whether the fence was an integral part of the work being performed and whether it could in any case be considered either an "accumulation[] of dirt and debris" or "scattered tools and materials."

5

First, Homola asserts that in order to be integral to the work being performed an object needs either to be indispensable for a worker to perform the job in question or to be a byproduct of the work itself. However, the New York cases cited by the parties do not demand such a narrow understanding of when an object should be found integral to the work being performed. Instead, just as the New York Court of Appeals has concluded that there is no violation of 12 N.Y.C.R.R. § 23-1.7(e)(2) where a pipe over which the plaintiff tripped "was an integral part of the construction," *O'Sullivan v. IDI Const. Co., Inc.*, 855 N.E.2d 1159, 1159 (N.Y. 2006), here the fence, which was constructed to enclose the radioactive dig and keep it separate from the rest of the work site, is an integral part of the work site, such that we similarly cannot conclude that removing it would be "consistent with the work being performed."

Homola also fails to provide any support for the notion that the fence at issue, even assuming it is a "material," could be considered a "scattered . . . material" for the purposes of this Code provision. *See Ramsey v. Leon D. DeMatteis Const. Corp.*, 912 N.Y.S.2d 654, 654 (2d Dep't 2010) ("This section of the Industrial Code requires owners and contractors to maintain working areas free from tripping hazards such as, inter alia, debris and scattered materials . . . ."); *Lelek v. Verizon New York, Inc.*, 863 N.Y.S.2d 429, 429 (1st Dep't 2008) (stating that the provision "requires that '[w]orking areas' be 'kept free from accumulations of . . . debris and from scattered . . . materials' (alterations in original)). Instead, where, for example, an employee trips over a bolt embedded in the ground, the New York courts have made clear that such an object is not "'dirt,' 'debris,' 'scattered tools and materials,' or a 'sharp projection [ ],' as required by [this provision of the Industrial Code]." *Dalanna v. City of New York*, 764 N.Y.S.2d 429, 429 (1st Dep't 2003); *see also Adams v. Glass Fab, Inc.*, 624 N.Y.S.2d 705, 708 (4th Dep't 1995) (holding that wire mesh set into

6

concrete could "[u]nder no reasonable view . . . be considered the equivalent of dirt, debris, or 'scattered tools and materials'"). We thus affirm the district court's conclusion that there is no genuine question of fact as to whether the safety fence in this case can serve as the basis for a violation of § 23-1.7(e)(2).[1]

We have considered all of Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Because we conclude that the district court properly granted summary judgment to Praxair on all three claims for which Homola brings an appeal, we need not address Praxair's alternative argument regarding whether it is an "owner" of the site at which the injury occurred for the purposes of N.Y. LAB. LAW § 241(6).