Leighton v Chaber, LLC (2022 NY Slip Op 02539)

Leighton v Chaber, LLC

2022 NY Slip Op 02539

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-00092
 (Index Nos. 703932/14, 701890/16)

[*1]Michael Leighton, appellant, 
v
Chaber, LLC, respondent. (Action No. 1)
Michael Leighton, appellant,
v
R.J.K. Electric Corp., et al., defendants, Starbucks Corporation, respondent. (Action No. 2)

The Law Office of David Horowitz, P.C., New York, NY (Christopher S. Joslin of counsel), for appellant.
Carol R. Finocchio, New York, NY, for respondents.

DECISION & ORDER
In two related actions to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered December 18, 2019. The order, insofar as appealed from, upon reargument, in effect, vacated so much of an order of the same court dated July 18, 2019, as denied those branches of the separate motions of the defendant in Action No. 1, and the defendant Starbucks Corporation in Action No. 2, which were for summary judgment dismissing so much of the causes of action alleging a violation of Labor Law § 241(6) as were predicated upon 12 NYCRR 23-1.33 insofar as asserted against each of them, and, thereupon, granted those branches of the separate prior motions.
ORDERED that the order entered December 18, 2019, is affirmed insofar as appealed from, with costs.
On March 20, 2013, the plaintiff allegedly was injured when he was struck in the eye by debris that purportedly emanated from a grinder tool at certain property owned by Chaber, LLC (hereinafter Chaber), the defendant in Action No. 1, and leased to Starbucks Corporation (hereinafter Starbucks), a defendant in Action No. 2. Starbucks had retained the plaintiff's employer, nonparty Piece Management, Inc., to perform renovation work that included the relocation of a drive-through menu sign board. Specifically, the plaintiff was present at the site on the date of the accident, in the course of his employment, to "terminate . . . low voltage wires" and install a connector.
The plaintiff commenced separate actions against, among others, Starbucks and Chaber (hereinafter together the defendants), asserting, inter alia, violations of Labor Law § 241(6) predicated upon 12 NYCRR 23-1.33. The defendants separately moved, among other things, for summary judgment dismissing so much of the causes of action alleging a violation of Labor Law § 241(6) as were predicated upon 12 NYCRR 23-1.33 insofar as asserted against each of them. In an order dated July 18, 2019, the Supreme Court denied those branches of the defendants' separate [*2]motions. Thereafter, upon reargument, in an order entered December 18, 2019, the court, in effect, vacated so much of the order dated July 18, 2019, as denied those branches of the defendants' separate motions which were for summary judgment dismissing so much of the causes of action alleging a violation of Labor Law § 241(6) as were predicated upon 12 NYCRR 23-1.33 insofar as asserted against each of them, and, thereupon, granted those branches of the prior separate motions.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the causes of action alleging a violation of Labor Law § 241(6) as were predicated upon 12 NYCRR 23-1.33 insofar as asserted against each of them (see Turgeon v Vassar Coll., 172 AD3d 1134, 1135; Mancini v Pedra Constr., 293 AD2d 453, 454; Lawyer v Hoffman, 275 AD2d 541, 542). 12 NYCRR 23-1.33 does not apply to workers on a construction site, such as the plaintiff here (see Turgeon v Vassar Coll., 172 AD3d at 1135; Mancini v Pedra Constr., 293 AD2d at 454; Lawyer v Hoffman, 275 AD2d at 542). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court, upon reargument, properly granted those branches of the defendants' separate motions which were for summary judgment dismissing so much of the causes of action alleging a violation of Labor Law § 241(6) as were predicated upon 12 NYCRR 23-1.33 insofar as asserted against each of them.
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court