Per Curiam.

We are of the opinion that the absence of evidence of negligence on the part of appellant requires dismissal of the plaintiffs’ complaint against it. This case was neither tried nor presented to the jury in the Judge’s charge on the theory that it was appellant’s duty to discontinue use of the elevator because it knew, or should have known, that the elevator was in a defective and dangerous condition. Maintenance and control of the elevator at the time of the accident were exclusively in the owner, Jessup Holding, Inc.
Judges Froessel, Van Voorhis, Burke and Foster concur in Per Curiam opinion; Chief Judge Desmond and Judges Dye and Fuld dissent and vote to affirm upon the ground that there was evidence concerning the unsafe condition of the elevator from which a jury might reasonably infer that under the circumstances defendant Maintenance Company, Inc., knew, or should have known, that the elevator in question was defective and unsafe to operate, and that it owed a duty to warn and alert the owner to the danger and to direct the owner to shut it down, which duty defendant Maintenance Company, Inc., negligently failed to perform.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed, with one bill of costs in this court and in the Appellate Division to appellant against all respondents.