■ JANINE POTACZALA, Individually and as Administratrix of the Estate of GREGORY POTACZALA, Deceased, Respondent, v

JOHN J. FITZSIMMONS et al., Defendants, and OTIS ELEVATOR COMPANY, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: We conclude that defendant Otis Elevator Company ("Otis") was entitled to partial summary judgment dismissing so much of plaintiff's first and second causes of action as allege that Otis negligently inspected, maintained, repaired and/or serviced the subject elevator (see, CPLR 3212 [e]).

In 1918, Otis sold and installed an elevator, incorporating the gates and locking devices already present. Between 1979 and 1983, Otis had serviced and repaired the elevator to a limited extent and only at the owner's request, but it never had a regular maintenance and/or service contract on the elevator. Otis had noticed that the locking devices needed repair in 1983, had duly informed the owner of such, and had not been asked to make repairs. Plaintiff's decedent somehow fell into the elevator shaft, which was allegedly accessible because of a failure of the gate locking device. Plaintiff asserts negligence, breach of warranty and strict products liability causes of action against Otis.

Otis had the burden of establishing that it had not undertaken to maintain, service or repair the gates and locking devices of the subject elevator (see, CPLR 3212 [b]; Iselin & Co. v Mann Judd Landau, 71 NY2d 420, 425; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068). Otis has satisfied that burden by showing that it never agreed to undertake nor undertook such responsibilities. Plaintiff's failure to produce proof in an admissible form rebutting that showing entitled Otis to summary judgment on the claims of negligent maintenance, service and repair (see, Vermette v Kenworth Truck Co., 68 NY2d 714, 717; Langner v Jessup Holding, 9 NY2d 871). Otis is entitled to summary judgment on the claim of negligent inspection because plaintiff has failed to offer proof of such negligence in opposition to Otis' showing that, on the occasion it was retained to inspect the elevator, it reported all relevant information to the building owner, who then undertook the repairs.

However, Otis has failed to establish by admissible proof that it is entitled to summary judgment on plaintiff's claims of breach of warranty, negligent design, negligent manufacture, negligent installation, and strict products liability. Otis' proof fails to show that the elevator had been appropriately designed, manufactured and installed consistent with safety standards and the state of the art at the time of manufacture

and sale. Otis has established only that it manufactured, designed and installed a part of the elevator system, incorporating the owner's gates and locks. Otis' plans and specifications reveal an awareness that locking devices were necessary and that the overall installation would include them. Otis has offered no proof that the product that it put in the stream of commerce in 1918 was free from defect or not unreasonably dangerous. Otis failed to meet its burden and it was not entitled to summary judgment on these claims (see, Iselin & Co. v Mann Judd Landau, supra, at 425; Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Fur Mfrs., supra). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Summary Judgment.) Present—Dillon, P. J., Boomer, Green, Lowery and Davis, JJ.