■ JOHN PERILLO, Appellant, v PLEASANT VIEW ASSOCIATES et al., Respondents, et al., Defendant. [739 NYS2d 504] —Appeal from an order and judgment (one document) of Supreme Court, Erie County (Gorski, J.), entered March 7, 2001, which granted the motions of defendants Pleasant View Associates, Vellano Bros., Inc., and Marrano/Marc Equity Corp. for summary judgment.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion of defendant Vellano Bros., Inc. seeking summary judgment dismissing the amended complaint insofar as the amended complaint as amplified by the bill of particulars may be construed to state a claim against Vellano Bros., Inc. for strict products liability based on EBAA Iron Inc.'s use of steel rods in the packaging of the megalugs and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained at a construction site when he fell on a protruding steel rod used in the packaging of megalugs, which are manufactured by defendant and third-party plaintiff EBAA Iron, Inc. (EBAA) and sold by defendant Vellano Bros., Inc. (Vellano). At the time of the accident, plaintiff was employed as a laborer by third-party defendant Tom Greenauer Development, Inc. (Greenauer) and was installing a water line on the site. The site was being developed for housing by defendant Pleasant View Associates (Pleasant View), a joint venture between Greenauer and defendant Marrano/Marc Equity Corp. (Marrano).

Contrary to plaintiff's contention, Supreme Court properly

granted that part of the motion of Pleasant View and Marrano seeking summary judgment dismissing the Labor Law § 200 claim after plaintiff conceded at oral argument on the motion that "this is not a * * * Labor Law * * * § 200 case." In any event, the court properly determined that neither Pleasant View nor Marrano supervised or controlled plaintiff's work (*see, Bauer v Niagara Mohawk Power Corp.*, 249 AD2d 948, 949).

Contrary to plaintiff's further contention, the court also properly granted that part of the motion of Pleasant View and Marrano seeking summary judgment dismissing the Labor Law § 241 (6) claim alleging the violation of 12 NYCRR 23-1.7 (d) and (e) (2). Neither regulation applies to the open construction area where this accident occurred.

Plaintiff further contends that the court erred in granting that part of the motion of Vellano seeking summary judgment dismissing the amended complaint insofar as the amended complaint as amplified by the bill of particulars may be construed to state a claim against Vellano for strict products liability based on EBAA's use of steel rods in the packaging of the megalugs. We agree. It is well settled that strict products liability extends to retailers and distributors in the chain of distribution even if they "never inspected, controlled, installed or serviced the product" (86 NY Jur 2d, Products Liability § 108; *see, Joseph v Yenkin Majestic Paint Corp.*, 261 AD2d 512; *Mead v Warner Pruyn Div., Finch Pruyn Sales*, 57 AD2d 340).

Contrary to plaintiff's further contention, the court properly granted that part of the motion of Vellano seeking dismissal of any claim for breach of an alleged duty to warn. After removing two megalugs from a bundle, plaintiff left the steel rods by which they were secured protruding upward so that he could lift off the remainder of the megalugs as needed. Plaintiff knew or should have known of the hazard in doing so, and thus any "warning would have been superfluous" (*Liriano v Hobart Corp.*, 92 NY2d 232, 241; *see, Payne v Quality Nozzle Co.*, 227 AD2d 603, *lv denied* 89 NY2d 802).

We therefore modify the order and judgment by denying that part of the motion of Vellano seeking summary judgment dismissing the amended complaint insofar as the amended complaint as amplified by the bill of particulars may be construed to state a claim against Vellano for strict products liability based on EBAA's use of steel rods in the packaging of the megalugs. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.