■ WILLIAM HERTEL, Respondent, v HUEBER-BREUER CONSTRUCTION CO., INC., Appellant. [850 NYS2d 806]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered October 11, 2006 in

a personal injury action. The order, insofar as appealed from, denied that part of the motion of defendant seeking summary judgment dismissing the Labor Law § 241 (6) cause of action.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he slipped and fell on a patch of ice on a concrete slab that was situated in an unenclosed area between two buildings under construction. At the time of his fall, plaintiff was unrolling a blanket to protect the concrete slab from becoming covered with snow overnight. We agree with defendant that Supreme Court erred in denying that part of its motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action. That cause of action was premised on defendant's alleged violation of 12 NYCRR 23-1.7 (d), which provides that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition." We agree with defendant that the regulation is inapplicable to this case because plaintiff did not slip and fall on an elevated working surface (see Farrell v Blue Circle Cement, Inc., 13 AD3d 1178, 1179 [2004], lv denied 4 NY3d 708 [2005]; cf. Stasierowski v Conbow Corp., 258 AD2d 914 [1999]; Durfee v Eastman Kodak Co., 212 AD2d 971 [1995], lv dismissed 85 NY2d 968 [1995]). The regulation also is inapplicable because plaintiff was not using the area in which he fell as a passageway at the time of his fall (see generally Parker v Ariel Assoc. Corp., 19 AD3d 670, 672 [2005]). Rather, plaintiff's fall "occurred in a common area or open courtyard between the various buildings under construction" (Stairs v State St. Assoc., 206 AD2d 817, 818 [1994]; see Perillo v Pleasant View Assoc., 292 AD2d 773, 774 [2002]; Bale v Pyron Corp., 256 AD2d 1128 [1998]).

In light of our determination, we need not reach defendant's remaining contention. Present—Martoche, J.P., Centra, Lunn, Green and Gorski, JJ.