■ JEFFREY FERNANDEZ, Respondent-Appellant, v RIVERDALE TERRACE et al., Defendants, GOTHAM CONSTRUCTION COMPANY, LLC, Respondent, and ACTION CHUTES, INC., Appellant. [882 NYS2d 50]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 15, 2008, which, in an action for personal injuries sustained by plaintiff while cleaning an allegedly defective building trash compactor during the course of his employment, denied the motion of defendant Action Chutes, Inc. (Action) for summary judgment dismissing the complaint as against it and granted the cross motion of defendant Gotham Construction Company, LLC (Gotham) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The record shows that Gotham, the general contractor for the construction of the building, contracted with Action for the sale and installation of a trash compactor. Action chose the make and model of the subject compactor, purchased it directly from an entity related to the manufacturer at a "distributor" price and then subcontracted the installation of the compactor to that entity.

It is well established that "[a] party injured as a result of a defective product may seek relief against the product manufacturer or others in the distribution chain if the defect was a substantial factor in causing the injury" (*Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]). In this regard, "[t]he distributor of a defective product is subject to the doctrine of

strict liability even if the distributor has merely taken an order and directed the manufacturer to ship the product directly to the purchaser, and has never inspected, controlled, installed or serviced the product" (86 NY Jur 2d, Products Liability § 108; *see Perillo v Pleasant View Assoc.*, 292 AD2d 773, 774 [2002]).

The motion court properly denied Action's motion as it failed to meet its prima facie burden in moving for summary judgment. Action did not submit any evidence to establish that it was not a distributor, claiming only that it did not design, manufacture, install or maintain the compactor. Action now seeks to negate its status as a "distributor," by arguing, for the first time on appeal, that the attendant liability does not apply here as the transaction involved both the sale and installation of a device, with the sale merely incidental to the installation. This argument is unpreserved (*see e.g. Liddle, Robinson & Shoemaker v Shoemaker*, 12 AD3d 282, 283 [2004]), and we decline to review it. Were we to review the argument, we would find it unavailing as the fact that a distributor may also provide a service does not insulate it from strict products liability (*see Potaczala v Fitzsimmons*, 171 AD2d 1015, 1016-1017 [1991]; *Perazone v Sears, Roebuck & Co.*, 128 AD2d 15, 20-21 [1987]). In any event, Action's claim that it was merely a service provider that incidentally provided a product is unsupported by the record.

Gotham, however, did establish its prima facie entitlement to summary judgment by showing that, other than contracting with Action and coordinating scheduling, it was not involved in and did not supervise the installation of the compactor or plaintiff's work at the time of the accident, which occurred months after Gotham had completed its work, and had no notice of any defect (*see Laecca v New York Univ.*, 7 AD3d 415, 416 [2004], *lv denied* 3 NY3d 608 [2004]). In opposition, plaintiff failed to establish the existence of a triable issue of fact.

We have considered appellant's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Buckley, Renwick and Freedman, JJ.