■ KENNETH MOTYKA et al., Respondents, v OGDEN MARTIN SYSTEMS OF ONONDAGA LIMITED PARTNERSHIP, Respondent, and DICK CORPORATION, Doing Business as STAR STONE CONSTRUCTION, Appellant, et al., Defendant. (Appeal No. 1.) [708 NYS2d 681] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover for personal injuries allegedly sustained by Kenneth Motyka (plaintiff) when he slipped on snow and ice while carrying building materials across an open area of a construction site. Plaintiffs sued defendants Ogden Martin Systems of Onondaga Limited Partnership (Ogden), Dick Corporation, d/b/a Star Stone Construction (Star Stone), and GEA Power Cooling Systems, Inc. (GEA), alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6).

Supreme Court properly denied those parts of the motions of Star Stone and GEA seeking summary judgment dismissing the common-law negligence and Labor Law § 200 causes of ac-

tion against them. Those defendants failed to sustain their burden of demonstrating their entitlement to judgment as a matter of law on the issue of their alleged supervision, direction, and control of safety at the worksite that brought about the injury, and plaintiffs in any event raised a triable question of fact on that issue (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352-353; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 506).

The court erred, however, in denying those parts of the motions of Star Stone and GEA seeking summary judgment dismissing the Labor Law § 241 (6) cause of action in its entirety. In order to recover under the statute, plaintiffs must allege a violation of an applicable regulation "mandating compliance with concrete specifications," as opposed to "those that establish general safety standards" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505; *see, Rizzuto v Wenger Contr. Co., supra,* at 349). The regulations relied upon by plaintiffs, 12 NYCRR 23-1.7 (e), 23-1.33 (d) (1) and 23-2.1 (a) (1), are inapplicable to this case, in which plaintiff allegedly slipped rather than tripped in an open area of the construction site, not within a defined walkway or passageway (*see, Bale v Pyron Corp.,* 256 AD2d 1128, 1128-1129; *Bauer v Niagara Mohawk Power Corp.,* 249 AD2d 948; *Cafarella v Harrison Radiator Div.,* 237 AD2d 936; *McGrath v Lake Tree Vil. Assocs.,* 216 AD2d 877, 878).

The court properly granted the motion of Ogden seeking partial summary judgment on its cross claim against Star Stone for contractual indemnification. There is no merit to Star Stone's argument that the indemnification provision is unenforceable to the extent that it obligates Star Stone to indemnify Ogden for claims not based on the acts or omissions of Star Stone (*see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 178; *Correia v Professional Data Mgt.,* 259 AD2d 60, 65; *Velez v Tishman Foley Partners,* 245 AD2d 155, 156-157).

We therefore modify the order in appeal No. 1 by granting that part of the motion of Star Stone seeking summary judgment dismissing the cause of action under Labor Law § 241 (6) against it, and we modify the order in appeal No. 2 by granting that part of the motion of GEA seeking summary judgment dismissing the cause of action under Labor Law § 241 (6) against it. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.