■ Donald McKenna, Appellant-Respondent, v Huber, Hunt & Nichols, Inc., Respondent-Appellant. [725 NYS2d 919] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover for injuries sustained in a fall at a construction site. Plaintiff sued the general contractor, alleging common-law negligence and the violation of various provisions of the Labor Law. Plaintiff moved for partial summary judgment on liability on the claim under Labor Law § 240 (1), and defendant cross-moved for summary judgment dismissing that claim. Plaintiff appeals and defendant cross-

appeals from an order denying that motion and cross motion. We conclude that Supreme Court erred in denying defendant's cross motion, and we modify the order accordingly. Labor Law § 240 (1) does not apply where, as here, plaintiff's fall involved the "usual and ordinary dangers of a construction site, and not the extraordinary elevation risks" that section 240 (1) was designed to protect against (*Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841, 843; *see, Nieves v Five Boro Air Conditioning & Refrig. Corp.,* 93 NY2d 914, 915-916).

All concur except Green, J., who dissents in part and votes to affirm in the following Memorandum.

Green, J. (dissenting in part). I respectfully dissent in part. Plaintiff alleges that he sustained injuries when he fell 3 to 5 feet from an unguarded, unrailed tier of precast concrete to the floor of the Crossroads Arena in Buffalo. Plaintiff used the concrete tiers to descend from an office in an upper level of the arena to his worksite at floor level. "[T]he hazards contemplated by section 240 (1) 'are those related to the effects of gravity where protective devices are called for * * * because of a difference between the elevation level of the required work and a lower level'" (*Gordon v Eastern Ry. Supply,* 82 NY2d 555, 561, quoting *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). Because "plaintiff's work subjected him to the sort of risk which section 240 (1) was intended to obviate" (*Rocovich v Consolidated Edison Co., supra,* at 514), I do not agree with the majority's conclusion that the statute does not apply as a matter of law. Nor is plaintiff denied the protection of the statute based upon his election to use the concrete tiers rather than a nearby stairway as a means of descending from the office. The fact that plaintiff's choice of an unsafe means of descent may have contributed to the accident "is immaterial and is not a defense to the imposition of absolute liability" (*Klien v General Foods Corp.,* 148 AD2d 968, 969; *see, Villeneuve v State of New York,* 274 AD2d 958). Because there are triable issues of fact concerning the manner in which the accident occurred, I would affirm the order denying both defendant's cross motion for summary judgment dismissing the Labor Law § 240 (1) claim and plaintiff's motion for partial summary judgment on liability on that claim (*see, Salotti v Wellco, Inc.,* 273 AD2d 862, 862-863). (Appeals from Order of Supreme Court, Erie County, Dillon, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.