■ Melbin Castillo, Appellant, v Starrett City, Inc., Defendant and Third-Party Plaintiff-Respondent. NJK Contractors, Inc., Third-Party Defendant-Respondent. [772 NYS2d 74]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of (1) an

order of the Supreme Court, Kings County (Schmidt, J.), dated December 5, 2002, as granted those branches of the separate motions of the defendant third-party plaintiff Starrett City, Inc., and the third-party defendant NJK Contractors, Inc., which were for summary judgment dismissing the Labor Law § 241 (6) cause of action predicated on 12 NYCRR 23-2.1 (a), 23-1.24 (d) and 23-1.7 (e) (1), and (2) an order of the same court dated March 10, 2003, as denied that branch of his motion which was for leave to amend the complaint, and as, upon reargument of those branches of the prior motions which were for summary judgment dismissing the Labor Law § 241 (6) cause of action predicated on 12 NYCRR 23-2.1 (a), 23-1.24 (d), and 23-1.7 (e) (1), adhered to the original determination.

Ordered that the appeal from those portions of the order dated December 5, 2002, as granted those branches of the separate motions of the defendant third-party plaintiff Starrett City, Inc., and the third-party defendant NJK Contractors, Inc., which were for summary judgment dismissing the Labor Law § 241 (6) cause of action predicated on 12 NYCRR 23-2.1 (a), 23-1.24 (d), and 23-1.7 (e) (1) insofar as asserted against them is dismissed, as those portions of the order were superseded by the order dated March 10, 2003, made upon reargument; and it is further,

Ordered that the order dated March 10, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On July 21, 1999, the plaintiff, a laborer employed by the third-party defendant, NJK Contractors, Inc. (hereinafter NJK), was injured while installing insulation on the roof of a building located at 225 Vandalia Avenue in Brooklyn, when he allegedly slipped on a small piece of insulation and lost his balance, and his left arm became submerged in an open container of hot tar when he tried to get up.

The plaintiff's contention that his Labor Law § 241 (6) claim is properly predicated on violations of 12 NYCRR 23-2.1 (a), 23-1.7 (e) (1) and 23-1.24 (d), is without merit. 12 NYCRR 23-2.1 (a), which requires that "building materials" be "stored in a safe and orderly manner" and that "material piles" be stable and "so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare," is inapplicable because the material that caused the plaintiff to fall was not being "stored" but was in use, the accident did not involve a "material pile" but rather a single, small piece of insulation, and the roof where the accident occurred was not a "passageway, walkway, stairway or other thoroughfare" (*see Motyka v Ogden*

*Martin Sys. of Onondaga Ltd. Partnership,* 272 AD2d 980, 981 [2000]). Similarly, 12 NYCRR 23-1.7 (e) (1), which requires that "passageways" be kept free from accumulations of debris and other obstructions or conditions that could cause tripping is inapplicable because the roof in this case was not a passageway but an open working area (*see Canning v Barney's N.Y.,* 289 AD2d 32, 34-35 [2001]; *Alvia v Teman Elec. Contr.,* 287 AD2d 421, 423 [2001]; *Motyka v Ogden Martin Sys. of Onondaga Ltd. Partnership, supra*). Also, 12 NYCRR 23-1.24 (d), which provides that "[c]losed containers or devices used for transporting molten roofing materials" be equipped with certain safety features for the purpose of "minimiz[ing] hazards to persons caused by blowbacks of the molten roofing materials," is inapplicable since it is undisputed that the tar container at issue had no lid or cover of any kind (*see Stasierowski v Conbow Corp.,* 258 AD2d 914, 915 [1999]). To the extent that the appellant contends that the tar container violated the regulation, we note that use of an open bucket is not prohibited by 12 NYCRR 23-1.24 (d) (*id.*).

Moreover, that branch of the plaintiff's motion which was for leave to amend the complaint to add a claim for a violation of 12 NYCRR 23-1.7 (e) (2) was properly denied since the amendment would have been futile. 12 NYCRR 23-1.7 (e) (2), which requires that the "parts of floors, platforms and similar areas where persons work or pass" be kept free, inter alia, from accumulations of debris, scattered tools and materials "insofar as may be consistent with the work being performed," has no application where, as here, the object on which the plaintiff slipped was an integral part of the work he was performing (*see Harvey v Morse Diesel Intl.,* 299 AD2d 451, 452-453 [2002]; *Alvia v Teman Elec. Contr., supra*).

The plaintiff's remaining contentions are without merit. Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.