█ FRANK VENTURA et al., Respondents, v LANCET ARCH, INC., Appellant. [773 NYS2d 683]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 28, 2003. The order denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the claim under 12 NYCRR 23-1.7 (e) and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action pursuant to Labor Law § 241 (6) to recover damages for injuries sustained by Frank Ventura (plaintiff) while employed as a labor foreman on a construction and restoration project. Plaintiff slipped and fell on wet mortar that had accumulated on a sheet of plywood used as a platform for a mortar mixer. Plaintiff alleged that his injuries were caused by a violation of 12 NYCRR 23-1.7 (d) (slipping hazards) and (e) (tripping and other hazards). Supreme Court erred in denying defendant's motion for summary judgment insofar as it sought dismissal of plaintiffs' claim under subdivision (e). Plaintiff testified at his deposition that he slipped on the wet mortar as he attempted to move the mixer, and thus he may not contend that he tripped due to a violation of subdivision (e) (*see Bale v Pyron Corp.*, 256 AD2d 1128, 1128-1129 [1998]; *see also Motyka v Ogden Martin Sys. of Onondaga*, 272 AD2d 980, 981 [2000]).

The court properly denied defendant's motion, however, insofar as it sought dismissal of plaintiffs' claim under subdivision (d) of section 23-1.7. The plywood on which the mixer was situated constituted a "platform" under subdivision (d), and we further conclude that the fact that the spilled wet mortar was generated by the work being performed does not compel the conclusion that it is not a "foreign substance which may cause slippery footing" (*id.*). Whether the failure to remove or otherwise treat the wet mortar in order to provide safe footing constitutes negligence presents an issue of fact for trial (*see id.*; *Hammond v International Paper Co.*, 161 AD2d 914, 915 [1990]). We therefore modify the order by granting defendant's motion for summary judgment in part and dismissing plaintiffs' claim under subdivision (e). Present—Wisner, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.