■ DANIEL FARRELL, Respondent-Appellant, v BLUE CIRCLE CEMENT, INC., Appellant-Respondent. [787 NYS2d 773]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered November 12, 2003. The order granted that part of defendant's motion for summary judgment dismissing the Labor Law §§ 200 and 240 (1) and negligence causes of action, denied that part of the mo-

tion dismissing the Labor Law § 241 (6) cause of action and denied plaintiff's cross motion for partial summary judgment on the issue of liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in its entirety and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff was an employee of a company that contracted to fabricate and attach metal guards to the blower unit of a cement powder silo conveyor owned by defendant. Plaintiff was injured when, while gathering and coiling the compressor lines of a welder, he attempted to step down $2^1/_2$ feet from the surface of a truck scale to the ground. As plaintiff extended his right foot toward the ground, his left foot slipped on the rain and cement powder-covered surface of the truck scale, causing his right foot to land awkwardly on the ground.

Supreme Court properly granted defendant's motion for summary judgment to the extent of dismissing the causes of action for common-law negligence and violations of Labor Law §§ 200 and 240 (1), but erred in denying that part of the motion seeking dismissal of the section 241 (6) cause of action. We agree with the court's conclusion that plaintiff's injury was not caused by "the extraordinary elevation risks envisioned by Labor Law § 240 (1)," but rather by "the usual and ordinary dangers of a construction site" (*Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994]; *see Plump v Wyoming County*, 298 AD2d 886, 886-887 [2002]; *McKenna v Huber, Hunt & Nichols*, 284 AD2d 901, 901-902 [2001]; *Cundy v New York State Elec. & Gas Corp.*, 273 AD2d 743, 743-744 [2000], *lv denied* 95 NY2d 766 [2000]; *Farmer v City of Niagara Falls*, 249 AD2d 922, 922-923 [1998]). We also agree, however, with the contention of defendant that plaintiff's injury falls outside the scope of the Industrial Code provisions relied on by plaintiff to establish a section 241 (6) cause of action. Plaintiff's reliance on 12 NYCRR 23-1.7 (d), which proscribes slipping hazards, is unavailing because plaintiff's accident "did not occur on a 'floor, passageway, walkway, scaffold, platform or other elevated working surface'" (*Garland v Zelasko Constr.*, 241 AD2d 953, 954 [1997]; *see Lawyer v Hoffman*, 275 AD2d 541, 542 [2000]; *Barnes v DeFoe/Halmar*, 271 AD2d 387, 388 [2000]; *Ramski v Zappia Enters.*, 229 AD2d 990 [1996]). Further, 12 NYCRR 23-1.7 (e) is inapplicable to the accident because plaintiff's fall was not caused by a tripping hazard (*see Ventura v Lancet Arch*, 5 AD3d 1053, 1054 [2004]; *Bale v Pyron Corp.*, 256 AD2d 1128 [1998]). Finally, 12 NYCRR 23-1.7 (f) is likewise inapplicable, because

the truck scale cannot be said to be a "working level[ ] above . . . ground" requiring a stairway, ramp or runway under that section.

We therefore modify the order by granting defendant's motion for summary judgment in its entirety and dismissing the complaint. Present—Green, J.P., Pine, Hurlbutt, Martoche and Smith, JJ.