# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**240**
**CA 11-02046**
PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

THOMAS BANNISTER AND LAURA BANNISTER,
PLAINTIFFS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

LPCIMINELLI, INC., CITY OF BUFFALO, BUFFALO
PUBLIC SCHOOLS AND BOARD OF EDUCATION OF CITY
OF BUFFALO, DEFENDANTS-APPELLANTS.

HODGSON RUSS LLP, BUFFALO (RYAN J. LUCINSKI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 6, 2011 in a personal injury action. The order denied defendants' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as they are based on defendants' alleged supervision and control of plaintiff's work and the Labor Law § 241 (6) cause of action, and dismissing those causes of action to that extent, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Thomas Bannister (plaintiff) when he slipped on ice and fell while working in an open courtyard at a school renovation project. We agree with defendants that Supreme Court erred in denying those parts of their motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as they are based on defendants' alleged supervision and control over plaintiff's work, and we therefore modify the order accordingly. Defendants established as a matter of law that they did not have the authority to supervise or control the methods and manner of plaintiff's work (*see Ortega v Puccia*, 57 AD3d 54, 61-63; *Wade v Atlantic Cooling Tower Servs., Inc.*, 56 AD3d 547, 549-550), and plaintiffs failed to raise a triable issue of fact sufficient to defeat those parts of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We further conclude, however, that the court properly denied defendants' motion with

respect to those causes of action insofar as they are based on the defective condition of the property where the project was located. Plaintiffs "need not establish that defendants had supervisory control over the work being performed in the event that the accident was caused by a defective condition on the premises and defendants had actual [or] constructive notice of such defect" (*McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1582; *see also Ozimek v Holiday Val., Inc.*, 83 AD3d 1414, 1416). Where, as here, the plaintiff slipped and fell on ice, the defendants "were required to establish 'that the ice formed so close in time to the accident that [they] could not reasonably have been expected to notice and remedy the condition' " (*Sullivan v RGS Energy Group, Inc.*, 78 AD3d 1503, 1503). Although defendants submitted plaintiff's deposition testimony that he did not inform defendants of the icy condition, we conclude that such evidence alone is insufficient to establish that they did not have actual or constructive notice of the icy condition.

We agree with defendants that the court erred in denying that part of their motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action, and we therefore further modify the order accordingly. To recover pursuant to Labor Law § 241 (6), plaintiffs "must allege a violation of an applicable regulation 'mandating compliance with concrete specifications,' as opposed to 'those that establish general safety standards' " (*Motyka v Ogden Martin Sys. of Onondaga Ltd. Partnership*, 272 AD2d 980, 981, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Although the complaint, as amplified by the bill of particulars, alleges multiple violations of the Industrial Code, plaintiffs conceded at oral argument on defendants' motion that the section 241 (6) cause of action was premised solely upon a violation of 12 NYCRR 23-1.7 (d). Thus, the court erred in denying those parts of defendants' motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it was based on the alleged violation of the remaining regulations.

Pursuant to 12 NYCRR 23-1.7 (d), "[e]mployers shall not . . . permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." We conclude, however, that the regulation is inapplicable here based on the circumstances of plaintiff's fall. Although that regulation "proscribes slipping hazards" (*Farrell v Blue Circle Cement, Inc.*, 13 AD3d 1178, 1179, *lv denied* 4 NY3d 708), it does not apply where "the accident occurred in an open area and not on a defined walkway, passageway or path" (*Bale v Pyron Corp.*, 256 AD2d 1128, 1128). In support of their motion, defendants established that the open courtyard in which plaintiff slipped does not constitute a walkway, passageway or path sufficient to support a cause of action based on an alleged violation of 12 NYCRR 23-1.7 (d) (*see Hertel v Hueber-Breuer Constr. Co., Inc.*, 48 AD3d 1259, 1260; *Ramski v Zappia*

*Enters.*, 229 AD2d 990).

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court