■ WILLIAM REYNOLDS, Respondent, v HUGH A. G. FISHER et al., Appellants. [632 NYS2d 704] —Spain, J. Appeal from an order of the Supreme Court (Keegan, J.), entered December 1, 1994 in Albany County, which partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, while working at a nearby home, was asked by defendant Hugh A. G. Fisher (hereinafter Fisher) to remove a tree branch from his chimney. Plaintiff, an experienced roofer, accompanied Fisher to his home to survey the work. Plaintiff agreed to perform the requested task; they also agreed that plaintiff would clean the gutters, fill cracks in the chimney, and do some spot painting. Plaintiff further alleges that he and Fisher discussed replacing missing or broken slate on defen-

dant's roof which he easily observed on the date they surveyed the work; Fisher, however, declined to have plaintiff perform that work.

A few days later plaintiff performed the requested work. Plaintiff's equipment consisted of, *inter alia*, a 40-foot ladder, a safety line and various tools. At the end of the day plaintiff removed the safety line, his tools and materials from the roof, and while walking across the slate shingles to his 40-foot ladder, plaintiff stepped on slate which came loose or cracked and fell to the ground sustaining personal injuries.

Plaintiff commenced this lawsuit alleging violations of Labor Law §§ 200, 240 and 241. Defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion as to the claims based on Labor Law §§ 240 and 241 (the second and third causes of action), but denied the motion as to the Labor Law § 200 claim (the first cause of action), finding issues of fact as to defendants' notice of the defects in the roof. Defendants appeal.

We conclude that defendants should also have been granted summary judgment on plaintiff's Labor Law § 200 cause of action. The duty of the owner of a building to provide a safe workplace does not "rest upon an owner 'to secure the safety of his servant against a condition, or even defects, risks or dangers that may be readily observed by the reasonable use of the senses, having in view the age, intelligence and experience of the servant' " (*Gasper v Ford Motor Co.*, 13 NY2d 104, 110, quoting *McLean v Studebaker Bros. Co.*, 221 NY 475, 478; *see*, *McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877; *Bombard v Central Hudson Gas & Elec. Co.*, 205 AD2d 1018, 1020, *lv dismissed* 84 NY2d 923). In the case at bar, plaintiff, with upwards of seven years of roofing experience, admits that prior to working on the roof he readily observed missing and broken slates; whether defendants had notice of the condition of the roof is immaterial.

Mercure, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' motion for summary judgment regarding the first cause of action; motion granted to that extent, summary judgment awarded to defendants and said cause of action dismissed; and, as so modified, affirmed.