■ James J. Gavigan et al., Appellants, v Bunkoff General Contractors, Inc., Respondent. (And a Third-Party Action.) [669 NYS2d 69] —Mercure, J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 11, 1997 in Rensselaer County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff James J. Gavigan (hereinafter plaintiff) sustained the injuries forming the basis for this action in a September 8, 1994 workplace accident. At the time, plaintiff was employed by third-party defendant, the roofing subcontractor, on a project for construction of a new health care unit at a State correctional facility. While carrying a keg of solid asphalt material over a worn dirt pathway that extended around the rear of the building, plaintiff tripped over a buried football-sized rock that was protruding 4 to 5 inches above the surface of the path. The complaint against defendant, the prime construction contractor on the job, alleged violations of Labor Law §§ 200 and 241. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Plaintiffs opposed the motion and cross-moved for an order permitting them to amend their bill of particulars so as to allege defendant's violation of 12 NYCRR 23-1.7 (e) (1) and (2) as regulatory violations in support of their cause of action under Labor Law § 241 (6). Supreme Court granted defendant's motion, denied plaintiffs' cross motion and dismissed the complaint. Plaintiffs appeal.

We affirm. First, based upon plaintiff's acknowledgment that he was well aware of the existence of the rock (he previously tripped over it at least "a couple of times" and had gone so far as to request that a forklift operator bring over some gravel in

order to level the area), we conclude that Supreme Court did not err in dismissing the cause of action predicated upon Labor Law § 200. Fundamentally, an owner or general contractor has no duty under Labor Law § 200 to protect a worker from defects, risks or damages that are readily observable by the reasonable use of the senses, taking into account the age, intelligence and experience of the worker (*see, Reynolds v Fisher*, 220 AD2d 968, 969). Second, based upon plaintiffs' failure to allege a violation of a specific implementing regulation (*see, Samiani v New York State Elec. & Gas Corp.*, 199 AD2d 796), Supreme Court did not err in dismissing the cause of action alleging a violation of Labor Law § 241 (6).

Finally, we perceive no abuse of discretion in Supreme Court's denial of plaintiffs' motion to amend the bill of particulars to allege defendant's violation of 12 NYCRR 23-1.7 (e) (1) and (2). We concur in Supreme Court's determination that those regulatory provisions are entirely inapplicable to plaintiff's situation. Notably, 12 NYCRR 23-1.7 (e) (1) is limited in its application to passageways and 12 NYCRR 23-1.7 (e) (2) relates to "[t]he parts of floors, platforms and similar areas where persons work or pass". Patently, an out-of-doors worn dirt pathway is not a floor, platform, passageway or similar working surface within the purview of the cited regulations (*see, McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877, 878; *Stairs v State St. Assocs.*, 206 AD2d 817, 818).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.