■ MICHAEL HARKIN et al., Respondents, v CITY OF NEW YORK, Appellant. [893 NYS2d 273]—

The plaintiff Michael Harkin (hereinafter the plaintiff) was employed as a construction worker with a company known as AJ Pegno. In July 2001 the plaintiff was assigned to a project at the Newtown Creek sewage treatment center, which is owned by the defendant, City of New York. The work site had a shanty for employees to change their clothes. The shanty was approximately 100 feet from the parking lot, and could be reached by a pathway about 15 feet wide. This pathway was the only way to enter the construction site. The plaintiff testified at his examination before trial that the pathway by the door to the shanty was covered with empty cement bags, wooden pallets, empty bottles, and other debris. He complained about the area being cluttered with garbage to his supervisor and to the safety inspector. Ernest Livingston, a site project manager for the New

York City Department of Environmental Protection, testified at his examination before trial that he received complaints about garbage, a lack of cleanliness, and a rat infestation at the site.

The plaintiff alleges that on July 24, 2001, his foot caught on a wooden pallet near the doorway as he was entering the shanty, and he fell, sustaining injuries. The plaintiff testified that the pallet had been in the same place for at least two days. The plaintiff also was trying to avoid stepping on a piece of paper and a bottle as he entered the shanty. The plaintiffs thereafter commenced this action to recover damages, inter alia, for personal injuries, common-law negligence, and violation of Labor Law §§ 200 and 241 (6). The defendant's motion for summary judgment dismissing the complaint was denied, and we affirm.

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200. The defendant failed to establish, prima facie, that it had neither actual nor constructive notice of the dangerous condition (*see Padovano v Teddy's Realty Assoc., Ltd.*, 56 AD3d 444, 447 [2008]; *Lane v Fratello Constr. Co.*, 52 AD3d 575, 576 [2008]; *Lopes v Interstate Concrete*, 293 AD2d 579, 580 [2002]; *cf. Gavigan v Bunkoff Gen. Contrs.*, 247 AD2d 750, 751 [1998]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Supreme Court also properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 241 (6). There is an issue of fact as to whether the plaintiff was injured in a "working area" as defined by 12 NYCRR 23-1.7 (e) (2) (*see Lane v Fratello Constr. Co.*, 52 AD3d 575, 575-576 [2008]; *McDonagh v Victoria's Secret, Inc.*, 9 AD3d 395, 396 [2004]; *Dalanna v City of New York*, 308 AD2d 400 [2003]; *cf. Gavigan v Bunkoff Gen. Contrs.*, 247 AD2d 750, 751 [1998]; *see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]). Rivera, J.P., Dillon, Belen and Roman, JJ., concur.