■ ABDUL MUTADIR, Appellant, v 80-90 MAIDEN LANE DEL LLC et al., Respondents. [974 NYS2d 364]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered June 28, 2012, which, to the extent appealed

from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment on the issue of liability on his Labor Law §§ 240 (1) and 241 (6) claims, unanimously modified, on the law, to deny defendant's motion as to the Labor Law § 240 (1) claim, and to grant plaintiff's cross motion on such claim, and otherwise affirmed, without costs.

Plaintiff, a carpenter employed by nonparty Gristedes, injured his wrist when the milk crates upon which was standing to install "slot boards" that were to be used to support shelves on the interior walls of the property, shifted and caused him to fall to the ground. Defendants were the owner and managing agent of the property and had entered into a lease with Gristedes, which required Gristedes to convert the premises into a supermarket. Plaintiff alleged that prior to performing his work he unsuccessfully looked for a ladder to use and was directed by the acting foreman to use the milk crates.

Under the circumstances, plaintiff established his entitlement to summary judgment on the issue of liability on his Labor Law § 240 (1) claim. The record shows that plaintiff's accident involved an elevation-related risk and his injuries were proximately caused by the failure to provide him with proper protection as required by section 240 (1) (see Ross v 1510 Assoc. LLC, 106 AD3d 471 [1st Dept 2013]). Defendants' claim that ladders were available on the site is conclusory and fails to raise an issue of fact (see Mouta v Essex Mkt. Dev. LLC, 106 AD3d 549, 550 [1st Dept 2013]). The sole evidentiary support for defendants' argument was an affidavit from an individual who claimed that he was working for Gristedes at the construction site and that there more than enough ladders available for plaintiff's work. Even if admissible, the affidavit failed to raise a triable issue as to whether plaintiff was the sole proximate cause of his injuries since it does not indicate that plaintiff knew that there were ladders available at the site and that he was expected to use them (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]).

Contrary to defendants' contention, their lack of notice or control over plaintiff's work is not dispositive of their liability under Labor Law § 240 (1) (see Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 340 [2008]). The lease defendants entered into with Gristedes, which required Gristedes to perform substantial demolition and construction work on the leased premises, provides a sufficient "nexus" for imposing liability (see Morton v State of New York, 15 NY3d 50, 57 [2010]).

Furthermore, plaintiff's work at the time of his accident was protected by Labor Law § 240 (1). The court below improperly "isolate[d] the moment of injury and ignore[d] the general context of the work" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]). Even assuming, without deciding, that the installation of "slot boards" could not be considering "altering" within the meaning of section 240 (1), a "confluence of factors" brings plaintiff's activity within the statute (*id.* at 883). Plaintiff was employed by a company that was contractually bound by its lease to undertake activity enumerated in section 240 (1), including "demolition," "erection," and "altering." Furthermore, plaintiff had worked as a carpenter at the same site for three months, during which time his team demolished and reconstructed the internal configuration of the building. There was no competent evidence in the record supporting defendants' contention that all enumerated activity had been completed at the time of the accident.

The court properly dismissed plaintiff's Labor Law § 241 (6) claims predicated on Industrial Code (12 NYCRR) §§ 23-1.22 (c) and 23-5.1 (c) and (d). Section 23-1.22 (c) "sets safety standards for platforms used to transport vehicular and pedestrian traffic" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 147 [1st Dept 2012]), and is inapplicable to the milk crates on which plaintiff stood. Furthermore, section 23-5.1 (c) is insufficiently specific to support a Labor Law § 241 (6) claim (*see Susko v 337 Greenwich LLC*, 103 AD3d 434, 436 [1st Dept 2013]) and, in any event, section 23-5.1 (c) and (d) are inapplicable because plaintiff was not working on a scaffold at the time of his accident.

Dismissal of the common-law negligence and Labor Law § 200 claims was appropriate since defendants did not exercise supervision or control over plaintiff's work (*see Johnson v 923 Fifth Ave. Condominium*, 102 AD3d 592 [1st Dept 2013]). Although defendants' representative visited the construction site on occasion, there is no evidence that he ever gave specific instructions to plaintiff or his employer on how to do the work (*see Foley v Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 476, 477 [1st Dept 2011]). Concur—Mazzarelli, J.P., Renwick, DeGrasse, Feinman and Gische, JJ.