■ In the Matter of 91st Street Crane Collapse Litigation. Guiseppe Calabro, Respondent, v City of New York et al., Defendants, and DeMatteis Construction et al., Appellants. 1765 First Associates, LLC Third-Party Plaintiff, and DeMatteis Construction et al., Third-Party Plaintiffs-Appellants-Respondents, v Sorbara Construction Corp., Third-Party Defendant-Respondent-Appellant. (And Other

Third-Party Actions.) GUISEPPE CALABRO, Respondent, v MAT-TONE GROUP CONSTRUCTION Co., LTD., et al., Defendants, and 1765 FIRST ASSOCIATES, LLC, Appellant/Third-Party Plaintiff-Appellant. SORBARA CONSTRUCTION CORP., Third-Party Defendant-Respondent, et al., Third-Party Plaintiffs. (And Other Third-Party Actions.) [20 NYS3d 24]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered March 5, 2014, which, to the extent appealed from, denied the motion of defendants/third-party plaintiffs DeMatteis Construction and Leon D. DeMatteis Construction Corporation, (collectively DeMatteis) for summary judgment dismissing plaintiff's claims pursuant to common-law negligence and Labor Law §§ 200, 240 (1) and 241 (6), and all cross claims asserted against it, and for summary judgment on their claim for contractual indemnity against third-party defendant Sorbara Construction Corp. (Sorbara), and denied Sorbara's motion for summary judgment dismissing DeMatteis's contractual indemnity claim against it, unanimously modified, on the law, to the extent of dismissing the claims pursuant to common-law negligence, Labor Law §§ 200 and 240 (1), and Labor Law § 241 (6), except as predicated on an alleged violation of 12 NYCRR 23-1.7 (e) (2), and otherwise affirmed, without costs. Order, same court and Justice, entered March 12, 2014, which denied the motion of defendant/third-party plaintiff 1765 First Associates, LLC (1765 First) for summary judgment dismissing plaintiff's claims pursuant to common-law negligence and Labor Law §§ 200, 240 (1), and 241 (6), and for summary judgment on its contractual indemnity claim against Sorbara, unanimously modified, on the law, to the extent of dismissing the claims pursuant to common-law negligence, Labor Law §§ 200 and 240 (1), and Labor Law § 241 (6) except as predicated on an alleged violation of 12 NYCRR 23-1.7 (e) (2), and otherwise affirmed, without costs.

Plaintiff's common-law negligence and Labor Law § 200 claims are dismissed since neither DeMatteis nor 1765 First exercised supervision or control over the subject work (*see Mutadir v 80-90 Maiden Lane Del LLC*, 110 AD3d 641, 643 [1st Dept 2013]). There is also no evidence that either was on notice of the tool on the floor of the Sobara shanty.

As for plaintiff's claim pursuant to Labor Law § 240 (1), the facts of this accident do not invoke the special protections of the statute (*see Gasques v State of New York*, 15 NY3d 869 [2010]; *DeRosa v Bovis Lend Lease LMB, Inc.*, 96 AD3d 652, 653-654 [1st Dept 2012]). Plaintiff, who heard loud bangs and got up to run out of his work shanty, which was inside the first floor of the partially constructed building, tripped and fell over a tool. He then continued outside, running towards the crane to see what had occurred. Under these facts, plaintiff's injury is so attenuated that it cannot be reasonably connected to the crane's collapse.

Plaintiff does, however, have a viable cause of action pursuant to Labor Law § 241 (6) as premised on an alleged violation of 12 NYCRR 23-1.7 (e) (2), which, inter alia, requires that "working areas" be kept free from scattered tools (*see Harkin v City of New York*, 69 AD3d 901 [2d Dept 2010]). 12 NYCRR 23-1.7 (e) (1) is inapplicable as plaintiff fell within a work shanty, not a passageway (*see e.g. Zieris v City of New York*, 93 AD3d 479 [1st Dept 2012]; *O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225 [1st Dept 2006], *affd* 7 NY3d 805 [2006]). Any violations of those provisions of the Industrial Code concerning crane maintenance and inspection are inapplicable, since the crane collapse was not a proximate cause of plaintiff's injuries, in that he was injured when he tripped and fell over a tool on the floor. Further, the statutes are either inapplicable to the facts or there is insufficient evidence in the record showing that they were violated and that the alleged violation caused the event. The record indicates that the crane collapsed due to a latent manufacturing defect in one of its components, with no evidence that the collapse was caused by inadequate maintenance or inspection of the crane.

The court was correct in declining to grant summary judgment to either DeMatteis or 1765 First on their claims for contractual indemnity against Sorbara. The clause at issue provides that Sorbara will indemnify DeMatteis and 1765 First for losses that occur "by reason of the acts or omissions [of Sorbara] or anyone directly or indirectly employed by [Sorbara] in connection with the Work." Sorbara is correct that the record shows that the crane collapse did not occur because of an act or omission on its part. Sorbara leased the crane from defendant New York Crane & Equipment Corp.; that fact alone does not trigger the indemnification clause. Nor, contrary to DeMatteis's assertion, was New York Crane an indirect employee of Sorbara. Furthermore, insufficient evidence was adduced as to whether the crane was either misused by the

Sorbara operator or improperly maintained by Sorbara's employees. However, Sorbara's cross motion to dismiss the claim was also properly denied, since questions of fact remain as to whether plaintiff's fall on the tool was caused by an act or omission of Sorbara or its employees, a finding that would trigger the clause.

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Richter and Gische, JJ.