Valdez v City of New York (2020 NY Slip Op 07150)





Valdez v City of New York


2020 NY Slip Op 07150


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Index No. 22612/16E Appeal No. 12498 Case No. 2019-04167 

[*1]Adan R. Valdez, Plaintiff-Respondent,
v
The City of New York et al., Defendants-Appellants.


Cozen O'Connor, New York (Jacqueline Pena of counsel), for appellants.
The Weinstein Law Group, PLLC, New York (Steven M. Weinstein of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about September 11, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff testified that he was injured while pointing bricks at defendants' school when the inverted milk crate on which he was standing atop planks of a scaffold shifted unexpectedly, causing him to fall backward and strike his head on a bar of the scaffold. This testimony establishes prima facie that plaintiff's pointing work exposed him to an elevation-related risk [*2]against which defendants failed to provide him with proper protection, as required by Labor Law § 240(1) (see Ferguson v Durst Pyramid, LLC, 178 AD3d 634 [1st Dept 2019]; Mutadir v 80-90 Maiden Lane Del LLC, 110 AD3d 641 [1st Dept 2013]).
In opposition, defendants failed to raise an issue of fact as to whether plaintiff was a recalcitrant worker and therefore the sole proximate cause of his accident because he failed to use a ladder or the scaffold's bicycle to raise the scaffold to an appropriate height. They submitted no evidence that plaintiff was ever specifically instructed to use either of those devices and refused to do so instead of standing atop an inverted milk crate (see e.g. White v 31-01 Steinway, LLC, 165 AD3d 449, 451-452 [1st Dept 2018]; see also Mutadir, 110 AD3d at 642).
The remaining factual disputes cited by defendants are insufficient to rebut plaintiff's showing, because they do not "relate to material issues" (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312 [2004]). Even if plaintiff were the only witness to his accident — which the record shows he was not — he would still be entitled to summary judgment, "since nothing in the record controverts his account of the accident or calls his credibility into question" (Rroku v West Rac Contr. Corp., 164 AD3d 1176, 1177 [1st Dept 2018]; see e.g. McCann v Central Synagogue, 280 AD2d 298, 298-299 [1st Dept 2001]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020