Pirozzo v Laight St. Fee Owner LLC (2022 NY Slip Op 05964)

Pirozzo v Laight St. Fee Owner LLC

2022 NY Slip Op 05964

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Index No. 154077/16E Appeal No. 16525 Case No. 2022-01436 

[*1]Paul Pirozzo, Plaintiff-Respondent,
v
Laight Street Fee Owner LLC et al., Defendants-Appellants.

Malapero Prisco & Klauber, LLP, New York (Andrew L. Klauber of counsel), for appellants.
The Perecman Firm, P.L.L.C., New York (David H. Perecman of counsel), for respondent.

Order, Supreme Court, New York County (William Perry, J.), entered November 3, 2021, which granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240 (1) claim as against defendants Laight Street Fee Owner LLC, Laight Street Fee Owner II LLC, and Sciame Construction, LLC (collectively, defendants), unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim through evidence that the scaffold on which he was working at the time of his accident collapsed under him for no apparent reason (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]; see also e.g. Kind v 1177 Ave. of the Ams. Acquisitions, LLC, 168 AD3d 408, 409 [1st Dept 2019]). Contrary to defendants' argument, plaintiff eliminated all issues of fact as to whether he was the sole proximate cause of his accident.
Defendants' argument that plaintiff was the sole proximate cause of his accident because he failed to ensure that all of the scaffold's pins were locked before he used it is unavailing. This argument is premised solely on a workers' compensation Form C-2, "Employer's Report of Work-Related Injury/Illness," which states that "[i]t appeared that the pin was not locked into place causing the platform to come down." Although the Form C-2 is not signed or authenticated, and it is not clear where the person who created the report acquired the information (see Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 417 [1st Dept 2021]), plaintiff waived any hearsay objection he may have had to the report because he submitted it in support of his own motion (see Rosa v 47 E. 34th St. [NY], L.P., ___ AD3d ___, 2022 NY Slip Op 05144, *3 [1st Dept 2022]). Nevertheless, the Form C-2 does not raise an issue of fact because it does not establish that the pins were, in fact, not locked into place. It is undisputed that the author of the Form C-2 did not personally witness plaintiff's accident. Thus, no one with "personal knowledge of the circumstances surrounding plaintiff's work at the time of the accident" established that plaintiff did not lock all the pins in place before climbing onto the scaffold (Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 542 [1st Dept 2022]). Furthermore, even if it could be established that plaintiff did not lock all of the pins in place before ascending the scaffold, this "would have amounted to only comparative negligence, which is not a defense to a Labor Law § 240(1) claim" (id.; see e.g. Morales v 2400 Ryer Ave. Realty, LLC, 190 AD3d 647, 648 [1st Dept 2021]). To the extent defendants argue that plaintiff's putative failure to lock in the pins before using the scaffold constituted his recalcitrance, this argument is unavailing in the absence of any evidence that plaintiff was specifically instructed to do so and chose for no good reason not to do so (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [[*2]2020]; Valdez v City of New York, 189 AD3d 425 [1st Dept 2020]).
Defendants' argument that plaintiff was the sole proximate cause of his accident because he remained on the scaffold while his coworker moved it is also unavailing. There is no evidence in the record to suggest that the coworker's movement of the scaffold caused, or even contributed to, plaintiff's accident. In any event, there is no evidence that plaintiff was ever specifically instructed not to ride a scaffold while it was being moved, thus failing to raise an issue of fact as to plaintiff's recalcitrance; even if he had, plaintiff could only be said to have been, at most, comparatively negligent in doing so (see e.g. Hewitt v NY 70th St. LLC, 187 AD3d 574, 575 [1st Dept 2020]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022